ALABAMA GREAT SOUTHERN R. CO. v. MORRIS & CO.

(Circuit Court of Appeals, Fifth Circuit. February 4, 1918.)

No. 3088.

1. TRIAL &⇒143—CONFLICTING EVIDENCE—JURY QUESTION.
   Where the evidence is conflicting, issues should be submitted to the jury.

2. CARRIERS &⇒121—CARRIAGE OF GOODS—LIABILITY OF RAILROAD COMPANY.
   Where a seller of cotton seed oil loaded same in its own tank car, buyer cannot, having paid bill of lading with draft attached, recover against railroad company for loss of oil resulting from defect in car not discoverable by reasonable inspection, even though railroad company made seller, who was required by contract to deliver oil, an allowance for use of car.

In Error to the District Court of the United States for the Southern District of Mississippi; Henry C. Niles, Judge.

Action by Morris & Co. against the Alabama Great Southern Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Albert S. Bozeman, of Meridian, Miss. (B. F. Cameron, Jr., of Meridian, Miss., on the brief), for plaintiff in error.

Geo. B. Neville, of Meridian, Miss. (Neville, Stone & Currie, of Meridian, Miss., and Borders, Walter & Burchmore, of Chicago, Ill., on the brief), for defendant in error.

Before WALKER and BATTS, Circuit Judges, and EVANS, District Judge.

BATTS, Circuit Judge. Morris & Co. instituted suit against the Alabama Great Southern Railroad Company in the circuit court of Lauderdale county, Miss., alleging that it had purchased from the Eagle Cotton Oil Company, of Meridian, a tank of cotton seed oil, which, under the terms of the purchase, was to be delivered by the seller to the plaintiff at Chicago; the plaintiff to pay the costs of freight and to pay the price to seller upon presentation of its draft with bill of lading. The railroad company received the oil from the oil company, and issued its bill of lading. Draft was drawn, with bill of lading attached, and paid. It is alleged that the oil was never delivered to plaintiff, and prayer is made for judgment for its value.

The case was removed to the District Court of the United States for the Southern District of Mississippi, where the defendant set up that the tank car in which the cotton seed oil was shipped was the car of the shipper; that it was not furnished by the defendant to the shipper or to the consignee, but was furnished and selected by the Eagle Cotton Oil Company; that the oil was loaded by the shipper at its plant at Meridian, Miss., in the car so owned and selected by it for that purpose; that when the oil was tendered for shipment it was already loaded in the car, to be carried and consigned to the order of the shipper at Chicago, Ill.; that the car was defective, in that it was

an old car, and that the tank had been worn through at a point where it rested on a support bracket; that the tank had been patched by riveting a thin metal patch over the worn place; that the metal body of the tank at that place was thin and worn and weak; that the patch had not been applied in a workmanlike manner, but so applied that the ordinary wear and tear incident to the careful hauling of the car when loaded caused the body of the tank to crack and break alongside the edge of the patch, whereby the contents was lost; that the defect was known to the shipper, but was not known to the defendant, although the defendant inspected the car with proper and reasonable care, both at the time and place of shipment and at other stations while the car was in transit; that the defect was concealed under the iron and wooden supports of the tank, and was not discoverable by reasonable inspection of the car; that the shipper, under whom the consignee claims, and who was the agent of the consignee in making the shipment, was negligent in furnishing and selecting a defective car and in loading oil therein; that the car and contents were handled by defendant and its connecting carrier with all reasonable care, and that the injury and damage suffered by the plaintiff is the fault of the shipper.

In answer to this, the plaintiff pleaded that the defendant had leased from the Cotton Oil Company the tank car, in which the cotton seed oil was loaded, and had agreed to pay the Oil Company 3¼ cents per mile for said car; that an agent of the defendant at Chattanooga, Tenn., inspected the tank car, and discovered that the oil was leaking therefrom, and placed on the car a bad-order card, calling attention to the leak; that thereafter the car was carried by the defendant to its shop at Chattanooga, but that defendant carelessly and negligently failed, either to stop the leak or to transfer the oil to another car; and that thereafter the oil was lost.

The demurrers to the answer and replication were overruled, and evidence presented to the jury. At the end of the introduction of testimony, the plaintiff filed a motion requesting the court to instruct a verdict for plaintiff for the amount sued for, assigning as reasons for the motion: (1) Because, under the law, it was the duty of the defendant to furnish a fit and suitable car in which to carry the oil in controversy from Meridian, Miss., to Chicago, Ill., and the defendant cannot escape this duty by showing that the car belonged to the consignor, and was defective when it was delivered to the defendant; (2) because the testimony of the defendant shows that a defect, which the defendant claims existed, was an open and patent defect; (3) because the evidence of defendant shows that an employé of the defendant at Chattanooga, Tenn., discovered a leak in the car, and the defendant did nothing to stop the leak or to transfer the oil to another tank; (4) because the evidence shows, without contradiction, under tariffs adopted by the defendant, defendant agreed to pay the consignor, the Eagle Cotton Oil Company, the owner of the car, three-fourths cents per mile loaded and empty for said car, and also agreed to make all necessary repairs on said car while in its possession at the cost of the owner of the car; (5) because the testimony does not warrant the jury in finding a verdict for the defendant against the plaintiff; (6) because the defendant has failed to prove that it made a careful in-

spection of the tank car in controversy by a competent inspector, to discover any defects in said tank car; (7) because the defendant has failed to prove that the loss of the oil resulted solely from a defect in the tank which was hidden and not discoverable upon a careful inspection by a competent inspector.

This motion was sustained by the court, who directed the jury to return a verdict against the defendant for the amount sued for. From the judgment rendered upon this verdict the proceedings in error have been taken.

Taking up the several grounds upon which the motion is based:

(1) The shipper did not call upon the defendant to furnish a fit and suitable car in which to carry the oil in controversy, but tendered to the company a car filled with oil and ready for transportation.

(2) The question as to whether or not the defect which the defendant claims existed was an open and patent defect was one which should have been submitted to the jury.

(3) The evidence shows that an employé of the defendant, or of one of its connecting lines, upon an inspection of the car, made a report as follows:

"Bad Order. Marked for Ld Shop 8–17, for the following repairs: 1 brake lever & 3 brake pins gone. Brake ratchet wheel loose brake—B—Oil leaking out A & B 12/37 p. m."

The car was put in the shop and repairs made, but the evidence indicates that no leak was found, and a subsequent inspection when the car left Chattanooga failed to disclose any defect or leak. The evidence with reference to the inspection and repair is of a character to be submitted to the jury.

(4) The evidence shows, without contradiction, that the Eagle Cotton Oil Company received a bill of lading for the car which was tendered, and that, in reaching the rate to be charged, a deduction is made by the applicable tariff on account of the furnishing of the car by the shipper. This did not constitute a lease of the car to the railroad company. During the time the car was in transit, the railroad company was under obligations to exercise reasonable care to make the necessary repairs at the cost of the owner. The issue as to whether or not this was done should have been submitted to the jury.

(5) The evidence in the case, with reference to all contested issues, was conflicting, and was such as would have warranted the jury in finding a verdict for either party.

(6) The issue as to whether defendant made careful inspection of the car by competent inspectors was one which should have been left to the jury.

(7) The question as to whether the loss of the oil resulted solely from a defect in the tank which was hidden and not discoverable upon a careful inspection by a competent inspector is one with reference to which any finding by the jury could properly be sustained.

[1, 2] The matters set up by the railroad company, if true, constituted a complete defense to plaintiff's cause of action. See Alabama & Vicksburg Ry. Co. v. American Cotton Oil Co., 249 Fed. 308, —— C. C. A. ——, this day decided. Upon all of these issues there was

conflicting testimony, and they should have been submitted to the jury under proper instructions.

The judgment is reversed, and the cause remanded for proceedings not inconsistent herewith.

Reversed and remanded.