**ST. LOUIS & S. F. R. CO. v. STATE et al.**

No. 9377—Opinion Filed Oct. 7, 1919.

(Syllabus by the Court.)

**1. Carriers—Duties—Carrying Facilities.**

The general rule is, that it is the duty of every common carrier to receive for carriage and to carry goods of any person tendered to it for transportation, provided the goods are such as it holds itself out as willing to carry. And it is ordinarily the duty of the common carrier to furnish vehicles suitable in every respect for the safe transportation of the various kinds of property which are usually carried by it, and any failure to observe its duty in this regard will render it liable for loss or injury caused thereby.

**2. Same—Oil Tank Cars.**

Where articles of an extraordinary character are offered, a carrier is not bound to accept them, or provide facilities of a different kind from those usually furnished for transportation; hence a railroad company was not required under section 18, article 9 of the Constitution, to furnish tank cars to carry the oils of a refinery.

From an order of the Corporation Commission requiring the railroad company to furnish to the refining company tank cars in

which to ship its products, the railroad company appeals. Reversed.

W. F. Evans and R. A. Kleinschmidt, for appellant.

S. P. Freeling, for the State.

B. M. Parmenter, for Lawton Refining Co., appellees.

OWEN, C. J. The refining company, a corporation, doing business at Lawton, Oklahoma, buying, selling and shipping crude and refined oils, complained that the railroad company heretofore had furnished four tank cars for the use of the refining company in transporting its merchandise, both crude and refined oils, but had given notice that such cars would be withdrawn from its use, and the volume of business would require the use not only of these four cars but additional tank cars; and prayed the railroad company be restrained and enjoined from taking the four cars out of its use and be required to furnish additional tank cars. The Corporation Commission made an order requiring the railroad company to furnish the refining company the tank cars as requested.

The railroad company contends the Corporation Commission was without jurisdiction or authority to make the order, or to make any order respecting the subject-matter of the complaint.

The question necessary for determination is whether it was the duty of the railroad company under section 18, article 9 of the Constitution, to furnish tank cars to be used by the refining company in the transportation of its products over the railroad company's tracks.

The general rule is well settled that it is the duty of every common carrier to receive for carriage and to carry the goods of any person tendered to it for transportation, provided the goods are such that it holds itself out as willing to carry. 10 C. J. 65; Covington Stock Yards Co. v. Keith, 139 U. S. 128, 35 L. Ed. 73; Elliott on Railroads, sec. 1465. Subject to some exceptions, it is also the duty of the common carrier to furnish cars suitable in every respect for the safe transportation of the various kinds of property which are usually carried by it. Special cars must be furnished in some instances for transportation of perishable products, refrigerator cars for vegetables and meats, and other cars particularly adapted for the goods transported, as stock cars for cattle, and any failure to observe its duty in this regard will render the carrier liable for loss or injury caused by such failure. 10 C. J. 85; Hutchinson on Carriers, sec. 505; Atl. Coast Ry. Co. v. Geraty, 91 C. C. A. 602, 166 Fed. 10. This general rule, however, is not without

exception and qualification. Elliott on Railroads, sec. 1474; United States v. Pennsylvania Ry. Co., 242 U. S. 209, 61 L. Ed. 251; C., R. I. & P. Ry. Co. v. Lawton Refin. Co., 253 Fed. 705. In the case of United States v. Pa. Ry. Co., supra, tank cars were held to be an exception to the general rule; it was also held the Interstate Commerce Commission was without authority or power to require the common carrier to furnish such cars, and that case was followed by the Circuit Court of Appeals in the case of C., R. I. & P. Ry. Co. v. Lawton Refin. Co., supra, where it was said:

"Where articles of extraordinary character are offered, a carrier is not bound to accept them, or provide facilities of a different kind from those usually furnished for transportation; hence a railroad company was not required to furnish tank cars to carry the oils of a refinery."

In re Private Cars, 50 Interst. Com. Comm. R. 652, the Interstate Commerce Commission found there are 59 varieties of liquids regularly transported in tank cars, and that cars used for transportation of one kind of liquid ordinarily cannot be used for transportation of another of the varieties, many of these liquids requiring especially constructed cars with special fittings. In that case, among other things, it was said:

"It is more economical and more efficient for the refiner to furnish a tank car, either owning it or leasing it from some concern, than for the railroad company to own it. A refiner, producing two kinds of oil, gasoline and residuum, requires two kinds of cars. Another refiner, producing all grades of oil, from the lighter oil down to coke, will require several kinds of cars."

Counsel rely upon the case of Atl. Coast Ry. Co. v. Geraty, supra, where the railroad company was held liable in damages for a failure to furnish refrigerator cars for transportation of vegetables, but the facts of that case easily distinguish it from the instant case. There the railroad company had induced plaintiff, and other vegetable growers in that region, to plant certain crops expecting that if they raised vegetables, refrigerator cars necessary for such vegetables would be obtained, and under these facts it was held the plaintiff was entitled to recover damages sustained by the carrier's refusal to furnish refrigerator cars on reasonable demand for transportation of plaintiff's cabbages. It was said:

"Where plaintiff, owning a farm in a truck region, was induced to plant a large quantity of cabbages by assurance of defendant railroad company that refrigerator cars would be furnished to transport the cabbages to market, which it refused to do on reasonable demand, plaintiff was entitled to recover for

unharvested cabbages, which spoiled because of defendant's refusal to furnish refrigerator cars * * *"

In the instant case, the action is not for damages, but one to compel the common carrier to furnish tank cars under an alleged duty resting upon the common carrier and not by virtue of any contract. Counsel also rely upon the case of Kohler v. C. W. B. Ry. Co. (Ohio) 23 N. E. 928, but the question involved there was a discrimination in the rates charged. No such question is presented in this case. The Corporation Commission was without authority to make the order.

The case is therefore reversed with directions to dismiss the complaint.

Mr. Justice HARRISON and Mr. Justice BAILEY did not participate. The other Justices concur.