## VOGT v. VOGT.

No. 11242—Opinion Filed June 12, 1923.

Rehearing Denied July 14, 1923.

### Divorce—Limitations on Appeal—Written Notice of Intention.

Proceedings in error prosecuted from a decree in a divorce action must be filed in this court within four months after the decree is entered. and written notice of intention to appeal must be filed in the office of the clerk of the court rendering such decree within ten days after the rendition thereof. These provisions of section 510, Comp. Stats. 1921 (Rev. Laws 1910, sec. 4971), are jurisdictional upon such proceedings in error. ,

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Woodward County; Jas. B. Cullison, Judge.

Action by Bertha Vogt against Joe Vogt for divorce and custody of their minor child, and for alimony. Judgment for plaintiff, and defendant brings error. Dismissed.

Swindall & Wybrant, for plaintiff in error.

S. M. Smith and S. A. Horton, for defendant in error.

Opinion by LOGSDON, C. This case was tried in the district court of Woodward county, Okla., on the 22nd day of October, 1919, and resulted in a decree for the plaintiff, against the defendant, for divorce, and for custody of their minor daughter, Beatrice Lucille Vogt.

Petition in error with case-made attached was lodged in the clerk's office on March 2, 1920. The records of the clerk's office show that the case-made was withdrawn by the attorneys for plaintiff in error for the purpose of preparing their brief in the case, and that the same has never been returned to the clerk's office, although frequent demand has been made therefor. Brief of plaintiff in error, however, shows that this proceeding assails the decree of divorce as well as that portion relating to custody of the child.

Defendant in error has filed a motion to dismiss this appeal upon two grounds, as follows:

First: The clerk's records show that this case was filed on March 2, 1920, more than four months after the entry of judgment, and therefore this court is without jurisdiction to hear and determine the same.

Second: Because plaintiff in error neglected to give notice within ten days, as provided by law, of intention to appeal and therefore this court is without jurisdiction in the premises.

This motion to dismiss was filed April 23, 1923, accompanied by proof of service thereof, and no response has been filed thereto. On May 10, 1923, an amended motion to dismiss was filed, having attached thereto as an exhibit a certified copy of the journal entry of the order of the district court of Woodward county, Okla., overruling the motion of plaintiff in error for a new trial therein, and said exhibit shows that said order was made and entered on October 31, 1919. Proof of mailing of this amended motion to dismiss accompanied said amended motion, and no response has been filed thereto.

"Evidence dehors the record to establish certain facts affecting proceedings on appeal is admissible in an appellate court; and the admission of such evidence, when uncontroverted, is not an assumption of original jurisdiction." Barnes et al. v. Lynch et al., 9 Okla. 11, 59 Pac. 995.

It appears by an examination of the motion to dismiss and the amended motion, that judgment in this action was rendered October 22, 1919, that motion for new trial was overruled October 31, 1919, and that the petition in error with case-made was filed in this court on March 2, 1920, more than four months after the rendition of said judgment. It further appears by the motion to dismiss that no written notice of intention to appeal was filed in the office of the court clerk of Woodward county, Okla., within ten days after the rendition of such judgment, and no response having been filed to said motion or amended motion to dismiss, in the absence of the record, this court will consider the allegations of said motion and amended motion to dismiss as confessed.

Both the written notice of intention to appeal and the perfecting of such appeal within four months from the rendition of a decree in a divorce action are jurisdictional. Linkugel v. Linkugel, 74 Oklahoma, 183 Pac. 55; Milam v. Milam, 76 Okla. 62, 184 Pac. 442; Rogers v. Rogers, 38 Okla. 195, 132 Pac. 476; Orcutt v. Orcutt, 25 Okla. 855, 108 Pac. 373.

For the reasons stated, and upon the authorities above cited, the appeal herein should be dismissed.

By the Court: It is so ordered.