## REYNOLDS v. REYNOLDS.

No. 12986—Opinion Filed Oct. 2, 1923.

Rehearing Denied Dec. 11, 1923.

**1. Judgment—Date — Journal Entry—Divorce Action.**

Where, in an action for divorce, alimony, and the custody of minor children, the court made special findings of fact and conclusions of law containing his decision on the questions involved, and caused the same to be filed in the case, and thereafter signed and caused to be filed a journal entry of judgment as of the day the original findings were filed, held, final judgment was of the day the findings were filed and not of the day the journal entry of judgment was in fact filed.

**2. Divorce—Notice of Appeal—Statutes.**

That part of section 4971, Rev. Laws 1910 (510 Comp. Stat. 1921), which provides that a party desiring to appeal from a judgment granting a divorce must, within ten days after such judgment is rendered, file a written notice in the office of the clerk of the court, duly entitled in such action, stating that it is the intention of such party to appeal from such judgment, was not repealed by chapter 219, Session Laws 1917.

**3. Same.**

Where an appeal is prosecuted for the purpose of having reviewed the judgment and decree granting a divorce, awarding permanent alimony, and the custody of the minor children and attorney's fees, the notice of intention to appeal must be filed within 10 days from the date of the decree as prescribed by

section 4971, Rev. Laws 1910 (510, Comp. Stat. 1921), otherwise this court is without jurisdiction to entertain the appeal.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by Ella Reynolds against Matthew Reynolds. Judgment for defendant. Plaintiff appeals. Dismissed.

Loyal J. Miller, for plaintiff in error.

Warren K. Snyder, for defendant in error.

Opinion by RAY, C. We think the motion to dismiss the appeal should be sustained. The plaintiff in error, plaintiff below, sued for divorce and alimony, for a division of the property, custody of the minor children, suit money and attorney's fee. The defendant filed a cross-petition for divorce. The court made findings of fact and conclusions of law which were filed September 9, 1921, and which concluded as **follows:**

"The defendant is better able to take care of the minor children than the plaintiff, and is awarded the care, custody and control of them. He is also granted a divorce, but will be required to pay alimony to the plaintiff in the sum of $750 and $25 to plaintiff's attorney as per the original order of the court and pay all court costs. The plaintiff and defendant will each pay the fees and mileage of their respective witnesses."

On the same day the plaintiff filed motion for a new trial upon the following grounds:

"* * * (5) That the findings and decision are not supported by sufficient evidence.

"(6) That the findings and decision are contrary to law.

"(7) That the findings and decision are contrary to the evidence. * * *"

September 20, 1921, the motion for a new trial was overruled, to which plaintiff excepted and in open court gave notice of appeal, and the clerk, by order of the court, entered the same on the trial docket as required by chapter 219, Session Laws 1917, (sec. 782, Comp. Stat. 1921). The plaintiff was given 30 days to make and serve case-made. On her application time was extended for making and serving case-made five different times, the last extension being to and including the 7th day of January, 1922. January 6, 1922, plaintiff filed a motion for judgment on the court's findings of September 9, 1921. This motion called the attention of the court to the fact that no journal entry of judgment had been entered upon the findings. January 7, 1922, on application of the plaintiff, time to make and serve case-made was extended

to January 9, and on the 9th was again extended to and including the 13th day of January, 1922. January 10, 1922, and while the motion for judgment on the findings was pending, the court signed and caused to be filed a journal entry of judgment upon the findings as of September 9, 1921. The next day, January 11, the plaintiff's motion for judgment upon the pleadings was overruled, and, on the same day, plaintiff filed another motion for a new trial, setting up the same grounds in the same language as the former motion, with these two grounds added:

"(10) For the reason that no judgment of the court has been rendered and entered, to which omission the court's attention has been called.

"(11) Error of the court in finding in favor of defendant on the issue of divorce and the custody of the minor children."

On the same day the last motion for a new trial was overruled. The plaintiff again gave notice in open court of her intenton to appeal which was, as before, entered by the clerk upon the trial docket. Consideration of the motion for judgment on the findings and of the last motion for a new trial was over the objections of the defendant, but the court, after stating that judgment was in fact rendered on the 9th day of September, 1921, permitted counsel for plaintiff to make whatever record he desired for the purpose of presenting the question on appeal. January 12, 1922, the plaintiff filed with the clerk of the court notice of appeal as required by the divorce statute (4971, Rev. Laws 1910, [510, Comp. Stat. 1921]). January 19, 1922, the petition in error with case-made attached was filed in this court.

Counsel for plaintiff in error contends that the judgment from which she seeks to appeal was entered January 10, 1922, and not September 9, 1921. In other words, it is contended that the findings and conclusions of the court filed September 9, 1921, were not a judgment, and the subsequent filing of the journal entry as of that date did not make it a judgment of September 9, 1921, but a judgment as of the date it was actually filed, January 10, 1922. With this contention we cannot agree. The custom of drawing up the formal journal entry of judgment by counsel after trial, for the signature of the trial judge, to be filed as of the day judgment was actually announced by the court, has been too long recognized by the bench and bar for the contention to merit serious consideration. We think the judgment from which plaintiff in error seeks to appeal was of date September 9, 1921, and that the order overruling the motion for a new trial, from which the ten days for giving notice of appeal must be cal-

culated, was September 20, 1921. The findings and conclusions of the court, filed September 9, were sufficient to constitute a judgment if no formal journal entry of judgment had been signed and filed. The defendant in error moved to dismiss the appeal upon the ground that no notice of appeal was filed with the clerk of the court within ten days after the judgment was rendered and was not appealed within four months from the date of the rendition of judgment.

Plaintiff in error gave the notice of appeal required by chapter 219, Session Laws 1917, but did not file with the clerk of the court the notice required by the divorce statute, section 510, Comp. Stat. 1921 (4971, Rev. Laws 1910), until January 12, 1922, more than three months after the motion for new trial was overruled. It has been held by this court in Orcut v. Orcut, 25 Okla. 855, 108 Pac. 373; Rogers v. Rogers, 38 Okla. 195, 132 Pac. 476; Milam v. Milam, 76 Okla. 62, 184 Pac. 442; Linkugel v. Linkugel, 74 Oklahoma, 183 Pac. 55, and Vogt v. Vogt, 91 Okla. 272, 217 Pac. 192, that the notice required by section 510, Comp. Stat. 1921 (sec. 4971, Rev. Laws 1910), is jurisdictional. In Lewis v. Lewis, 39 Okla. 407, 135 Pac. 397, Montgomery v. Montgomery, 41 Okla. 581, 139 Pac. 288, and Howell v. Howell, 42 Okla. 286, 141 Pac. 412, this court held that such notice was required only where it is sought to appeal from a judgment granting a divorce and not where the appeal is prosecuted from an order awarding alimony or making a division of property in divorce proceedings. But in Linkugel v. Linkugel, supra, a later case, the opinion by Galbraith, Commissioner, "adopted in whole" by the court, it was said:

"Where an appeal is prosecuted for the purpose of having reviewed the judgment and decree granting a divorce, awarding permanent alimony and the custody of a minor child, the notice of intention to appeal must be filed within 10 days from the date of the decree and the appeal must be perfected within 4 months, as prescribed by section 4971, Rev. Laws 1910, otherwise this court is without jurisdiction to entertain the appeal."

In this case the appeal is from the decree of divorce as well as from the decree awarding alimony and the custody and control of the minor children. The 9th assignment of errors is as follows:

"There was error of the court in finding that the defendant in error was entitled to a divorce from the plaintiff in error over the objections and exceptions of the plainitff in error."

It is contended by plaintiff in error that section 4971, Rev. Laws 1910 (510 Comp. Stat. 1921), which requires notice of appeal to be filed with the clerk of the court, was repealed by the act of 1917, and that the only notice required is that provided for in the last named act. We are unable to reach that conclusion. Section 4971 is a special statute relating to divorce actions only. The 1917 act is a general statute governing appeals in all cases. A general act is not to be construed to repeal a previous particular act, unless there is some express reference to the previous legislation on the subject, or unless there is a necessary inconsistency in the two acts standing together. Ex parte Crow Dog, 109 U. S. 556; Goodson v. U. S., 7 Okla. 117. 54 Pac. 423. In this case the two sections relate to different subjects and are not inconsistent. Chapter 219, Laws 1917, brought forward as section 510, Comp. Stat. 1921, was enacted for the purpose of doing away with the summons in error and its attendant difficulties as to service upon the parties. To that extent it affects appeals in divorce cases as well as all others. It was entitled:

"An Act regulating appeals to the Supreme Court of the state of Oklahoma. Abolishing summons in error, providing on whom the case-made shall be served, and the necessary parties to the petition in error, repealing sections 5238 and 5239, Revised Laws of 1910; enacting a section in place thereof, and declaring an emergency."

Sections 5238 and 5239, repealed, governed the issuance and service of summons in error. The section as amended takes the place of the two repealed sections. It affects the method of appeal only. Section 4971, Rev. Laws 1910, fixes the legal status of the parties to the action pending appeal. It requires the party appealing to file in the office of the clerk of the court a written notice, duly entitled in such action, stating his intention to appeal. It further provides that if the notice be filed and the proceedings in error commenced within four months from the rendition of judgment then it shall be unlawful for either party to marry any other person until the expiration of 30 days from the final judgment rendered pursuant to such appeal. The two acts are not inconsistent. The most that can be said is that in divorce cases, where the decree granting a divorce is appealed from, two notices of appeal are required, the only difference being that one must be given in open court and entered by the clerk on the trial docket, and the other must be in writing, duly entitled in such action, and filed in the office of the court clerk. One is entered on the trial docket and the other upon the appearance docket. The two sections are upon different subjects, not inconsistent, and enacted for entirely different purposes.

We think, following Linkugel v. Linkugel, supra, this court is without jurisdiction and the appeal should be dismissed.

By the Court: It is so ordered.

Rehearing Denied Dec. 11, 1923.