## BAKER COTTON OIL CO. v. ST. LOUIS & S. F. RY. CO.

No. 13945—Opinion Filed Nov. 12, 1924.

Rehearing Denied Jan. 2, 1925.

1. **Appeal and Error—Sufficiency of Evidence—Conclusiveness of Verdict.**

In the trial of a law action to the jury, if there is any testimony which reasonably tends to support the verdict of the jury, the cause will not be reversed on appeal for insufficiency of the evidence.

2. **Same—Recovery Denied in Action for Loss of Freight.**

Record examined; held, that the verdict of the jury is supported by sufficient evidence and that the issues were fairly submitted to the jury.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Kiowa County; Thos. A. Edwards, Judge.

Action by Baker Cotton Oil Company against St. L. & S. F. Ry. Company for damages on account of alleged loss of a part of a shipment of oil from a tank car furnished by the purchaser. Judgment for the defendant. Plaintiff brings error. Affirmed.

Rummons & Hughes, for plaintiff in error.

W. F. Evans, Stuart, Sharp & Cruce, and W. T. Stratton, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff alleged that it loaded 60,900 pounds of oil into a tank car at Altus, and delivered the shipment to the defendant for carriage to the Liberty Cotton Oil Company, at Oklahoma City, on shipper's order. The car in which the oil was loaded was the property of some person or company other than the defendant. It is alleged that the car contained only 53,100 pounds of oil upon reaching its destination. It is alleged that the loss occurred through and by the negligence of the defendant. The plaintiff offered testimony showing that the car contained 60,900 pounds of oil when delivered to the defendant at Altus. The defendant offered testimony to the effect that the car did not show leakage at the time of its delivery to the carrier at Altus, and did not show signs of leakage upon arrival at destination, or a condition which would give rise to the loss in transit. The question of the delivery of the amount claimed by the plaintiff to the defendant at Altus was, a question of fact for the jury. The jury found the issue against the plaintiff. If there is any testimony which reasonably tends to support the findings of the jury, the verdict will not be disturbed on appeal. McCann v. McCann, 24 Okla. 264, 103 Pac. 694; Beard v. Herndon, 84 Okla. 142, 203 Pac. 226.

The duties and obligations existing between the shipper and carrier in relation to freight transported in cars furnished by the purchaser are different from those which obtain in instances where the carrier provides cars for the transportation of the shipment. The shipment in this case was loaded into a car by the plaintiff, either provided by the seller or purchaser, and after being so loaded was delivered to the defendant for transportation. If the loss occurred in transit the plaintiff did not show that it resulted from a defect which reasonable inspection would have disclosed to the defendant. The carrier is not held to be an insurer that the car is in safe condition to transport the shipment where the car is selected and furnished by the seller or purchaser. In relation to existing defects in the car, if any exist, the carrier would be liable only in the event the loss resulted from a defect or condition which reasonable inspection would have disclosed to the defendant. The evidence of neither party offers any plausible reason or cause for the loss. The plaintiff contents itself to prove the delivery of a certain quantity of oil for shipment. The defendant meets this proof by showing that the car when first weighed by the defendant in transit contained the amount as claimed by the plaintiff upon arrival at destination. The further testimony of the defendant is that the condition of the car was such that it did not give evidence of leakage at point of origin or at destination. The issues involved in this case were fairly submitted to the jury under the rule applicable to the case. St. L. & S. F. Ry. Co. v. State, 76 Okla. 60, 184 Pac. 442; U. S. v. Penn. Ry. Co., 242 U. S. 209, 61 L. Ed. 251; A. & V. Ry. Co. v. American Cotton Oil Co., 249 Fed. 308; A. G. S. R. Co. v. Morris & Co., 249 Fed. 312.

It is recommended that the cause be affirmed.

By the Court: It is so ordered.