Ruth WINTERS, Plaintiff in Error,

v.

George WINTERS, Defendant in Error.

No. 37106.

Supreme Court of Oklahoma.

May 8, 1956.

Ed Shipp, Idabel, for plaintiff in error.

Robert H. Warren, Hugo, Robert H. Warren, Jr., Oklahoma City, for defendant in error.

HUNT, Justice.

This is an appeal from the District Court of Choctaw County in which Ruth Winters, defendant in the trial court, seeks to have reviewed a judgment for divorce entered in favor of the plaintiff, George Winters. The decree was entered on April 7, 1955, and the order overruling the motion for new trial was entered on the 12th day of May, 1955. The appeal was filed herein on the

5th day of October, 1955, more than four months after the order overruling the motion for new trial. Defendant in error has filed motion to dismiss this appeal in that same was not filed in this Court until after the expiration of four months from date of overruling motion for new trial on May 12, 1955, citing Title 12 O.S.A. § 1280, as the applicable statute on appeals from a judgment for divorce, said section being as follows:

"1280. * * * If notice be filed as aforesaid, the party filing the same may commence proceedings in error for the reversal or modification of such judgment at any time within four months from the date of the decree appealed from and not thereafter."

Plaintiff in error has filed response and contends that Sections 962 and 972 of Title 12 O.S.A., as amended in 1955, are controlling here, and that same were complied with and under order entered pursuant thereto the time to file this appeal was extended to October 7, 1955, and it was, therefore, filed in time.

We are unable to agree with this contention. This being an appeal from a judgment granting a divorce. Section 1280, Title 12 O.S.A. is the applicable statute. It was held in Vogt v. Vogt, 91 Okl. 272, 217 P. 192:

"Proceedings in error prosecuted from a decree in a divorce action must be filed in this court within 4 months after the decree is entered * * *. These provisions of section 510, Comp. St. 1921 (now Sec. 1280, Title 12 O.S.A.), are jurisdictional upon such proceedings in error."

 Section 1280, Title 12 O.S.A., was not repealed or amended by Sections 962–972, Title 12 O.S.A., supra, as same is a special act relating to divorce actions only, while the 1955 amendment, relied upon by plaintiff in error, is a general act governing appeals in all other cases. As was said in the early case of Reynolds v. Reynolds, 94 Okl. 114, 116, 221 P. 109, 110:

"A general act is not to be construed to repeal a previous particular act, unless there is some express reference to the previous legislation on the subject, or unless there is a necessary inconsistency in the two acts standing together."

There is no such inconsistency here. The order relied on by plaintiff in error as extending the time to file this appeal was entered by the trial court on September 15, 1955, more than four months after the date of final judgment; and also after the time originally granted for preparing and serving case made had expired. It is, accordingly, void and of no effect, and this Court is without jurisdiction to consider this appeal.

Motion to dismiss of defendant in error is, therefore, sustained and this appeal is dismissed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.