**Lee MAJORS and Raymond E. Davis, Appellants,**

v.

**Vaughn GOOD and Laura M. Good et al., Appellees.**

Nos. 74339–74341 and 74345.

Supreme Court of Oklahoma.

May 26, 1992.

Spradling, Alpern, Friot & Gum by Stephen P. Friot, Oklahoma City, for appellants.

Jones & Wyatt by Stephen Jones and Robert L. Wyatt, IV, Enid, for appellees.

HODGES, Vice Chief Justice.

The issues in this case are (1) whether Okla.Stat. tit. 23, § 9 (Supp.1986), should be applied retroactively, and (2) whether the plaintiffs, Lee Majors and Raymond E. Davis, were entitled to prejudgment interest under Okla.Stat. tit. 12, § 727(A)(2). We answer both questions in the negative.

The relevant facts are not contested. The plaintiffs were stockholders in several corporations. The defendants, Vaughn Good and Laura Good, were stockholders, as well as officers, in those same corporations. In 1984, the plaintiffs filed three separate lawsuits against Vaughn Good. Laura Good was added as a defendant in one lawsuit on May 1, 1987, in one lawsuit on April 20, 1987, and in the other lawsuit on November 5, 1986. The claims against the defendants included breach of fiduciary duty, misuse of corporate funds and assets, and conflict of interest. The trial court tried the three actions together in May of 1989.

The jury returned the following verdicts: (1) against Vaughn Good for actual damages in the amount of $137,505.32; (2) against Vaughn Good for punitive damages in the amount of $400,000; (3) against Laura Good for actual damages in the amount of $118,920.59; and (4) against Laura Good for punitive damages in the amount of

$400,000. On defendant's post-trial motion, the court limited the $400,000 punitive damages assessed against Laura Good to $118,920.59 pursuant to Okla.Stat. tit. 23, § 9 (Supp.1986). The trial court also ruled that the plaintiffs were entitled to prejudgment interest. However, the trial court found that prejudgment interest was recoverable against Laura Good only from the day that she was joined as a defendant. Both parties appealed and the appeals were consolidated.

The Court of Appeals upheld the jury verdicts. However, the Court of Appeals reversed the trial court in part, holding that (1) Okla.Stat. tit. 23, § 9 (Supp.1986), should not be applied retroactively, and (2) Okla.Stat. tit. 12, § 727(A)(2) (Supp.1986), allowed for prejudgment interest on the plaintiffs' claims from the time the suit was filed as to both defendants. The defendants filed a Petition for Certiorari seeking review of these two issues. The parties did not challenge the Court of Appeals' decision on the other issues. This Court granted the petition for certiorari.

## I.

The first issue is whether the trial court should have applied Okla.Stat. tit. 23 § 9 (Supp.1986), retroactively to limit punitive damages against Laura Good. Section 9 as amended in 1986 limits punitive damages to "an amount not exceeding the amount of actual damages awarded." Section 9 provides for certain exceptions which are not relevant here. Before 1986, there was no cap on punitive damages.

The parties agree that the cause of action in this case arose before the 1986 amendment to section 9. Therefore, if section 9 should be given only prospective application, then the trial court erred in applying the cap.

■ In support of their position that the amendment to section 9 should be given retroactive application, the defendants rely on a federal district court case. The plaintiffs also rely on a federal case to support their position. On matters of state law, this Court is not restrained by federal cases. We first look to our own cases for authority. In the present case, the Court of Appeals correctly followed this Court's ruling in *Thomas v. Cumberland Operating Co.*, 569 P.2d 974 (Okla.1977).

■ The issue in *Thomas* was whether Okla.Stat. tit. 12, § 1055 (Supp.1975), should be applied retroactively. Section 1055 increased the benefits for wrongful death. This Court held that "[s]tatutory increases in damage limitations are changes in substantive rights and not mere remedial changes." *Thomas*, 569 P.2d at 976. Of no less effect are the statutory limitations on all recoverable damages. Limitations on damages, whether actual or punitive, can constitute changes in substantive rights. We hold that the 1986 amendment to section 9 should be applied prospectively only.

## II.

■ The second issue for our consideration is whether the plaintiffs were entitled to prejudgment interest. Prejudgment interest may not be awarded without statutory authority. *Dyco Petroleum Corp. v. Smith*, 771 P.2d 1006 (Okla.1989). Section 727 of title 12 of the Oklahoma Statutes as amended in 1986 provides:

When a verdict for damages *by reason of personal injuries or injury to personal rights including, but not limited to, injury resulting from ... detriment due to an act or omission of another* is accepted by the trial court, the court in rendering judgment shall add interest on said verdict at a rate prescribed pursuant to subsection B of this section from the date the suit was commenced to the date of verdict....

(Emphasis added.)

■ The statute clearly assesses prejudgment interest only in cases involving personal injuries or injury to personal rights. In the present case, the damage resulted from a business loss, not a personal injury or injury to personal rights. The plaintiffs do not even argue that they suffered a personal injury or injury to personal rights. Therefore, the Court of Appeals

erred in awarding prejudgment interest to the plaintiffs.

The plaintiffs urge that section 727 allows for prejudgment interest when the damages occur because of detriment due to an act or omission of another. This distorted reading of section 727 ignores the fact that personal injury or injury to personal rights is a necessary element to recover prejudgment interest. We reject this construction of section 727.

## CONCLUSION

We hold that Okla.Stat. tit. 23, § 9 (Supp. 1986), should only be applied prospectively. We also hold that Okla.Stat. tit. 12, § 727 (Supp.1986), does not allow for prejudgment interest when damages result from a business loss, as is the case here. The Court of Appeals' opinion is vacated; and the judgment of the district court is reversed in as far as it applied the cap to the punitive damages pursuant to Okla.Stat. tit. 23, § 9 (Supp.1986), and in as far as it assessed prejudgment interest against the defendants. The judgment of the district court is affirmed as to the remaining issues addressed by the Court of Appeals but for which certiorari review was not sought.

CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS' OPINION VACATED; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART.

OPALA, C.J., and LAVENDER, SIMMS, HARGRAVE and SUMMERS, JJ., concur.

KAUGER, J., concurs in result.

ALMA WILSON, J., concurs in part and dissents in part.