Mary Claire HOLLOWAY, Petitioner,

v.

The Honorable Clifford E. HOPPER, presiding Judge of the District Court of Tulsa County, Oklahoma, Respondent.

No. 81249.

Supreme Court of Oklahoma.

April 27, 1993.

As Corrected May 26, 1993.

James R. Gotwals, James R. Gotwals & Associates, Inc., Tulsa, for petitioner.

Helen Kannady, Riggs, Abney, Neal, & Turpen, Tulsa, for respondent.

SUMMERS, Justice.

This is a mandamus action brought here to disqualify the trial judge in an ongoing domestic dispute in Tulsa County. It is agreed that the former wife, who is the petitioner in this case, has properly, though unsuccessfully, complied with the Rule 15 procedures for judge-disqualification. Although she asserts a number of reasons that the judge should step aside, only one merits our discussion. That one is sufficient, however, to persuade us to grant the writ.

The trial court proceeding takes place in an action for divorce. The wife in the divorce case sought to disqualify the Honorable Gordon McAllister, Special Judge for the District Court, and that judge denied the request. The Honorable Clifford Hopper, Presiding Judge and respondent herein, heard the Rule 15 representation, and similarly refused to disqualify Judge McAllister. See Rules for District Courts of Oklahoma, 12 O.S.1991, Ch. 2, App., Rule 15.

Although a divorce was granted early in the proceeding the property settlement proved difficult, and sanctions for the husband's alleged failure to comply still pend, as does the matter of counsel fees. The problem causing our concern in the disqualification effort is this.

The wife of the trial judge is an attorney, practicing with a firm. The husband in the divorce proceeding met and consulted with her "once or perhaps twice" concerning the property settlement in the divorce proceeding. Neither she nor the firm entered an appearance in the case. The letter of 20 O.S.1991 § 1401 prohibits a judge from sitting in a contested matter where the judge is related to any attorney *of record* within the third degree of consanguinity or affinity. *Id.* at § 1401(B). There is nothing before us that shows any disqualifying event under the standard expressed by § 1401. However, other authority confirms our belief that the spirit of that section is indeed offended by an occurrence of this nature.

The Code of Judicial Conduct states that a judge should disqualify in a proceeding where his or her impartiality might reasonably be questioned, and this includes instances where the judge's spouse "is acting as a lawyer in the proceeding". Code of Judicial Conduct, 5 O.S.1991 Ch. 1, App. 4, Canon 3(C)(1)(d)(ii).[1] The federal statutory counterpart of this language appears at 28 U.S.C. § 455, and similarly requires disqualification if the spouse of the judge "is acting as a lawyer in the proceeding." *McCuin v. Texas Power & Light Co.,* 714 F.2d 1255, 1259 n. 6 (5th Cir.1983); *State ex rel. Weinberger v. Equifax, Inc.,* 557 F.2d 456, 463 (5th Cir.1977), *cert. denied,* 434 U.S. 1035, 98 S.Ct. 768, 54 L.Ed.2d 782 (1978). The interpretation given to the federal statute by federal courts is not binding on this court's construction of a similar

---

1. That provision states:

(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:

(d) he or his spouse, or a person within the degree of relationship to either of them that is specified by 20 O.S.1971 §§ 1401 and 1402, or the spouse of such person:

(ii) is acting as a lawyer in the proceeding; Canon 3 goes on to provide that a judge so disqualified may disclose the basis therefor on the record, and if "based on such disclosure, the parties and lawyers, independently of the judge's participation, all agree in writing that the judge's relationship is immaterial, ... the judge is no longer disqualified and may participate in the proceeding." Code of Judicial Conduct, Canon 3(D).

provision in the Oklahoma Code of Judicial Conduct. *Majors v. Good,* 832 P.2d 420, 422 (Okla.1992). However, the Supreme Court of Kansas noted the similarity between the Kansas Code of Judicial Conduct and 28 U.S.C. § 455, and used federal cases construing § 455 as "guidance" in construing the State Code. *State v. Logan,* 236 Kan. 79, 689 P.2d 778, 784 (1984). *See also Regional Sales Agency, Inc. v. Reichert,* 830 P.2d 252, 256 (Utah 1992), (the court noted the "federal counterpart" codified at § 455 to its canon 3); *Pope v. State,* 257 Ga. 32, 354 S.E.2d 429, 431 (1987), *cert. denied,* 484 U.S. 873, 108 S.Ct. 207, 98 L.Ed.2d 159 (1987) (similarity to federal statute noted).

Federal courts have explained that the phrase "acting as a lawyer in the proceeding" focuses on the participation of the lawyer in the proceeding before the judge, and is not limited to cases where the lawyer has formally appeared. For examples see *State ex rel. Weinberger v. Equifax, Inc.,* 557 F.2d at 463 (recusal of the judge was not necessary under federal statute because judge's son did not participate in the proceeding, although the son's firm did so participate) [2]; *McCuin v. Texas Power & Light Co.,* 714 F.2d at 1260 (disqualification required where judge's brother-in-law participated in discovery proceedings in cases pending before judge); *S.J. Groves & Sons v. International Brotherhood of Teamsters,* 581 F.2d 1241, 1248 (7th Cir.1978), (no actual participation by judge's brother) [3].

In the present case the wife of the judge did not appear as an attorney of record in the proceeding, nor did any member of her firm. Thus, the prohibition of § 1401 does not apply. She states she never discussed the case with her husband, and no one contends otherwise. In disqualification proceedings, however, the courts must be sensitive to the appearances of possible

**2.** Under 20 O.S.1991 § 1401, however, an "attorney of record" by definition includes a member of the spouse's firm, and disqualification would be required.

**3.** Such participation is only one factor considered in deciding whether a judge should disqual-

impropriety as well as to actual occurrences. Canon 2, Code of Judicial Conduct 5 O.S.1991, Ch. 1, App. 4. Here the judge's wife was consulted regarding the divorce settlement, and gave counsel or legal advice concerning that case pending before her husband as a judge. We believe this participation in the proceeding requires the judge to disqualify under Canon 3. The writ of mandamus is hereby issued to Judge Hopper requiring him to certify the disqualification of Judge McAllister in Holloway v. Holloway, No. FD 90–5603, presently pending before him upon the docket of the District Court for Tulsa County.

HODGES, C.J., LAVENDER, V.C.J., and SIMMS, HARGRAVE, ALMA WILSON, KAUGER and WATT, JJ., concur.

OPALA, J., concurs in result.

ify in federal court, and a judge may be required to disqualify for other reasons. *Hewlett–Packard Co. v. Bausch & Lomb Inc.,* 882 F.2d 1556, 1569 (Fed.Cir.1989); *SCA Services, Inc. v. Morgan,* 557 F.2d 110 (7th Cir.1977).