2000 OK CIV APP 97

Iva SHOEMAKER, Mary Shackleford Wolf, Baird Brown, Clair Brown, Eileen Segrest, and Norman S. Brown, Appellees,

v.

FIRST NATIONAL BANK AND TRUST COMPANY, Successor Trustee (Now Bank One Trust Company, N.A.), Appellant,

and

The Estate of Lula Freeman, First National Bank and Trust Company of Tulsa, Executor, The Lula B. Freeman Trust, Gail C. Freundt, Stephen L. Corcoran, David J. Corcoran, Children's Medical Center of Tulsa, Oklahoma Medical Research Foundation, and The University of Tulsa, Defendants.

No. 92,954.

Court of Civil Appeals of Oklahoma, Division No. 4.

Aug. 15, 2000.

Thomas H. Hull Tulsa, Oklahoma, For Appellee Shoemaker.

Judy Hamilton Morse, Harvey D. Ellis, Jr., Crowe & Dunlevy, Oklahoma City, Oklahoma, For Appellant.

REIF, Judge:

¶1 The sole issue presented for decision is whether parties who have recovered for conversion and breach of trust/fiduciary duty[1] are entitled to prejudgment interest under 12 O.S. Supp.1999 § 727 (E), as opposed to 23 O.S.1991 § 64. The prevailing parties herein have relied on the provisions in § 727(E) that authorize prejudgment interest in cases of recovery for "injury to personal rights" and "detriment due to the act or omission of another." Both in the trial court and here on appeal, the prevailing parties have argued that ownership of property has constitutional protection as a fundamental personal right and that conversion is an act that injures this personal right. It appears that the trial court was persuaded by this argument and awarded prejudgment interest as provided in § 727(E). By awarding prejudgment interest under § 727(E), the prejudgment interest would be figured at the statutory rate from the filing of the suit, rather than being figured at six percent from the date of the conversion under § 64 and cases construing § 64. Upon review, a number of reasons lead this court to conclude that § 64 governs prejudgment interest in

1. The underlying controversy and litigation on the merits is fully set forth in *Shoemaker v. Estate of Freeman,* 1998 OK 17, 967 P.2d 871.

cases of conversion and that § 727 does not apply to conversion cases.

¶ 2 First, the subject of prejudgment interest in cases of conversion was specifically addressed by statute long before the enactment of § 727. Recovery of prejudgment interest in cases of conversion was addressed as far back as territorial statutes, *Drumm–Flato Comm'n Co. v. Edmisson*, 1906 OK 52, 87 P. 311, *affirmed*, 208 U.S. 534, 28 S.Ct. 367 (1908), and is now codified in 23 O.S.1991 64.

¶ 3 "[W]here there are two statutes on the same subject, the earlier being special and the latter general, the presumption is, in the absence of an express repeal, or an absolute incompatibility, that the special is to remain in force as an exception to the general." *Gordon v. Conner*, 1938 OK 384, 80 P.2d 322, 324 (citations omitted). Even if we assume "ownership of property" comes within the general class of "personal rights" covered by § 727, recovery of prejudgment interest for injury to that right by conversion would nonetheless be governed by § 64 as an exception to § 727.

¶ 4 In addition to this general rule, we find the analysis in *Taylor v. State Farm Fire & Casualty Co.*, 1999 OK 44, 981 P.2d 1253, helpful. Taylor resolved a similar conflict between 36 O.S.1991 § 3629, a general statute in the insurance code providing for prejudgment interest in cases to recover for an insurance loss, and 23 O.S.1991 § 6, a special statute authorizing prejudgment interest to a party who has recovered for a liquidated claim or ascertainable amount. Even though § 3629 was the most recent enactment and could be read to apply to every case to recover an insurance loss, the court held that "[p]rejudgment interest on an insured property-loss recovery is governed by the legislative approval of the applicable common law which is declared in § 6." *Taylor*, 1999 OK 44, ¶ 17, 981 P.2d at 1260 (footnote omitted). The court held that the later general statute " § 3629 neither *expands* nor *abridges* a successful party's entitlement to prejudgment interest in the insured loss litigation." *Id.* at ¶ 19, 981 P.2d at 1261.

¶ 5 In *Taylor*, the court applied the rule that "Legislative abrogation of the common law may not be effected by mere implication [but] must be clearly and plainly expressed." *Id.* at ¶ 21, 981 P.2d at 1261–62 (footnotes omitted). However, this same general rule also applies to statutory rights in general. The United States Supreme Court has held that repeals by implication of long-standing statutory provisions are not favored. *Andrus v. Glover Const. Co.*, 100 S.Ct. 1905, 446 U.S. 608 (1980). The Oklahoma Supreme Court has also said that "[a] general act is not to be construed to repeal a previous particular act, unless there is some express reference to the previous legislation on the subject, or unless there is a necessary inconsistency in the two acts standing together." *Winters v. Winters*, 1956 OK 152, ¶ 4, 297 P.2d 556, 557 (quoting *Reynolds v. Reynolds*, 1923 OK 735, 94 Okla. 114, 221 P. 109, 110).

¶ 6 To construe § 727 in the manner urged by the prevailing parties herein would completely displace § 64 and hence operate to repeal § 64 by implication, when there is no necessary inconsistency in the two acts standing together. Like the court in *Taylor*, we conclude that § 727 "neither expands nor abridges a successful party's entitlement to interest" in cases of conversion.

¶ 7 Furthermore, there are significant differences between the "pre-judgment" interest recoverable under these statutes. Under § 64, interest is based on the value of the property converted, not the total damages that may be recovered. By the express language of § 64, interest is part of the detriment and is a compensatory element of recovery for loss of the use of property. *Jones v. U.S. Fidelity & Guar. Co.*, 1978 OK CIV APP 58, ¶ 16, 589 P.2d 704, 708. Under § 64, interest is recoverable from the date of the wrong, not from the filing of the suit. *Billy v. LeFlore County Gas & Elec. Co.*, 1933 OK 450, 26 P.2d 149; *Drumm–Flato Comm'n Co. v. Edmisson*, 1906 OK 52, 87 P. 311, *affirmed*, 208 U.S. 534, 28 S.Ct. 367, (1908). In contrast, prejudgment interest under § 727 is "not of the substance of the right of action," *Benson v. Blair*, 1973 OK 102, ¶ 6, 515 P.2d 1363, 1365. Also, by the

express language of § 727, prejudgment interest is to be awarded on the total verdict or award and is recoverable only "from the date of the suit."

¶ 8 Finally, the case law that has addressed the recovery of interest under § 727 has consistently rejected application of § 727 where the injury or detriment involves a loss of property, either by deprivation or destruction. The most recent example was found in *Taylor*, where the Oklahoma Supreme Court answered two certified questions from the United States Court of Appeals for the Tenth Circuit dealing with prejudgment interest. Basically, the Tenth Circuit sought clarification of *Brashier v. Farmers Insurance Co.*, 1996 OK 86, 925 P.2d 20, concerning prejudgment interest. The supreme court held:

> *Brashier does not reach the issue* whether prejudgment interest may be added—from the time of the *claim's accrual to the date of judgment*—on the amount of recovery *for an insured property loss*. The award of prejudgment interest in *Brashier* rests on 12 O.S.1991 § 727, which governs solely personal-injury elements of recovery. *Section 727 is clearly not applicable to a property damage loss.*

*Taylor*, 1999 OK 44, ¶ 15, 981 P.2d at 1259 (emphasis added) (footnotes omitted).

¶ 9 In a case somewhat analogous to the instant case, the supreme court held that prejudgment interest could not be awarded under § 727 to stockholders who had recovered on claims against corporate officers for breach of fiduciary duty, misuse of corporate funds and assets (a form of conversion), and conflict of interest. *Majors v. Good*, 1992 OK 76, ¶ 10, 832 P.2d 420, 422. The court ruled that § 727 "assesses prejudgment interest only in cases involving personal injuries or injury to personal rights [and that the wrongs in question caused] a business loss, not a personal injury or injury to personal rights." *Id.* The court also rejected the contention that prejudgment interest could be

awarded on the basis of "detriment due to the act or omission of another" alone. The court stressed that "personal injury or injury to personal rights is a necessary element to recover prejudgment interest." *Id.* at ¶ 11, 832 P.2d at 423.

¶ 10 The United States Court of Appeals for the Tenth Circuit construed Oklahoma law concerning the recovery of prejudgment interest under § 727 in *Rainbow Travel Service v. Hilton Hotels Corp.*, 896 F.2d 1233, 1243 (10th Cir.1990) (citation omitted). The Tenth Circuit affirmed the trial court's denial of prejudgment interest under § 727, concluding that injury to a business' good will, even if caused by fraud, involved "damages [that] arise out of an injury to property."

¶ 11 The *Rainbow Travel Service* case was later cited approvingly in *First State Bank v. State Farm*, 1992 OK CIV APP 33, ¶ 11, 840 P.2d 1267, 1269 (citations omitted). In *First State Bank*, the court of civil appeals succinctly summarized the operation of § 727: "Section 727 addresses damages for 'personal injuries' or 'personal rights,' not property or contract rights."

¶ 12 The prevailing parties herein have harshly criticized the *First State Bank* case as "insignificant," "shaky," and "ignor[ing] the fundamentals of personal rights of ownership embodied in the tort of conversion."[2] In view of the cases that we have reviewed in this opinion, we find no flaws in *First State Bank* and, indeed, hold that it accurately reflects the state of the law concerning recovery of prejudgment interest under § 727.

¶ 13 The trial court erred in awarding the prevailing parties prejudgment interest pursuant to 12 O.S. Supp.1999 § 727 (E) and, therefore, that portion of the judgment is reversed. This cause is REVERSED AND REMANDED WITH DIRECTIONS to the trial court to award prejudgment interest in

---

**2.** The issue in this case cannot as easily be resolved, as the prevailing parties suggest, by simply determining whether a "personal right" is involved. Contract rights are as much "personal rights" (in the general legal sense of that term) as the "ownership of property," and contract rights also enjoy constitutional protection. However, it is clear that contractual detriment will not support recovery of interest under § 727. The overwhelming weight of authority discussed above dictates that the prevailing parties' right to prejudgment interest herein for conversion is governed by 23 O.S.1991 § 64 and not by 12 O.S. Supp.1999 § 727 (E).

accordance with 23 O.S.1991 § 64 and the parties' stipulation.

¶14 GOODMAN, C.J., and STUBBLEFIELD, J., concur.