## BENNETT v. MOORE.

No. 8239—Opinion Filed Jan. 9, 1917.

(162 Pac. 707.)

1. **Jury—Jury Trial—Right to.**

Issues of fact arising in an action for the recovery of money only must be tried to a jury, unless a jury trial is waived or a reference ordered as provided by statute.

2. **Appeal and Error—Petition in Error—Assignments of Error.**

To be availing the petition in error should, in an orderly and specific manner, clearly point out the error or errors complained of and sought to be reviewed, and errors occurring during the trial cannot be considered by the Supreme Court unless the ruling of the trial court on the motion for a new trial is assigned as error in the petition in error.

3. **Appeal and Error—Case-Made—Extension of Time.**

The recital in a case-made, duly certified to by the judge, that an order was made extending the time in which to prepare and serve a case, where the substance of the order is contained in the case-made, is sufficient, and motion to dismiss because it does not affirmatively appear in the case-made that such order of extension has been recorded upon the journal will be overruled.

(Syllabus by Davis, C.)

Error from County Court, Osage County; Elmer J. Black, Judge.

Action by M. L. Moore against William U. Bennett. There was a judgment for plaintiff, and defendant brings error. Dismissed.

Leahy & McDonald, for plaintiff in error.

A. M. Widdows, for defendant in error.

Opinion by DAVIS, C. Herein the parties will be spoken of as they stood in the court below. Plaintiff, Moore, sued defendant, Bennett, for $500 for grazing, herding, and feeding certain domestic animals belonging to defendant under employment by defendant so to do. Said domestic animals consisted of hogs, horses, mules, cattle, etc., and said services were performed by plaintiff for defendant under contract from November 20, 1914, to September 30, 1915. Plaintiff demanded said recompense for his said services, but defendant failed, neglected, and refused to pay the same. Plaintiff claimed and asked for a lien on 62 head of hogs, 200 head of cattle, 12 head of horses, six cows, and —— mules, under our statutes in such cases made and provided. The defendant's answer was a general denial simon pure and nothing more. The day of trial finally came, as sometimes happens under the Code of Civil Procedure of this state. Defendant strenuously objected to the cause being tried to a jury, and when his objection was duly overruled by the court, which not infrequently occurs, and this notwithstanding the defendant's insistence that this case was a proceeding in equity, and that there was no cause for a jury, and that a jury was improper in said cause, saved his exception upon the record to the court's action. The record contains no waiver of a jury trial on the part of the plaintiff. Unless a jury was duly waived by both parties in this cause. it was properly a jury case under our statutes. Avery et al. v. Hays, 62 Okla. ——, 160 Pac. 712, and cases therein cited.

The plaintiff has filed a motion to dismiss this appeal, the first ground of which is as follows:

"Because the overruling of motion for new trial is not assigned as error in the petition in error, and the only errors complained of are alleged to have occurred during the trial. and are therefore not properly presented, and cannot be reviewed."

The petition in error examined, and this first ground of plaintiff's motion to dismiss found to be only too everlastingly true. Nichols et al. v. Dexter, 52 Okla. 152, 152 Pac. 817. and cases therein cited on this question; Avery v. Hays, 44 Okla. 71, 144 Pac 624; Maddox v. Barrett, 44 Okla. 101, 143 Pac. 673; Nidiffer v. Nidiffer, 44 Okla. 218. 144 Pac. 150: Beugler v. Polk. 46 Okla 403, 148 Pac. 990.

The motion for a new trial was overruled, and exceptions saved by defendant on October 29, 1915, and the petition in error with case-made attached was filed in this court on April 25, 1916. The time for perfecting the appeal in this cause in this court, under our statutes, is now long since a mellow memory of the languid long ago, and therefore it is too late now to amend said petition in error in this regard.

The second ground of plaintiff's motion to dismiss reads as follows:

"Because it does not affirmatively appear from the case-made that the judgment or the journal entry overruling motion for new trial and extending time to make and serve case-made were entered of record as required by statute."

This erstwhile deadly doctrine has been fully and finally exploded by this court, speaking through Mr. Justice Hardy, in the case of St. Louis & S. F. R. Co. v. Taliaferro, 58 Okla. 585, 160 Pac. 610. Were it not for this opinion this second ground of said motion to dismiss would also be well taken.

For the reasons herein set forth, the plaintiff's motion to dismiss the defendant's appeal in this cause on the first ground thereof is sustained, and said appeal is accordingly dismissed.

By the Court: It is so ordered.