## MALASKI et ux. v. FARRIS.

No. 14366—Opinion Filed Oct. 23, 1923.

1. **Judgment—Necessity for Journal Entry —Orders.**

All judgments and orders must be entered on the journal of the court, and specify clearly the relief granted or order made in action. Section 5143, Rev. Laws 1910 (685, Comp. Stat. 1921).

2. **Appeal and Error—Record of Judgment —Necessity.**

Where case-made does not affirmatively show that the judgment appealed from has been entered in the journal of the court, this court is without jurisdiction to review the same.

3. **Same.**

Where the trial court sustains an objection to the introduction of evidence on the part of the plaintiff and dismisses plaintiff's cause of action and upon its own motion dismisses the cross- petition of the defendant, and the record fails to show that either the order sustaining the objection to the introduction of evidence, the dismissal of plaintiff's cause of action, or the order of the court dismissing defendant's cross-petition was entered of record, held, that the record presents no question to this court for review under assignment of error predicated thereon.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by I. A. Farris against Stephen Malaski and Mary Malaski. From the judgment, defendants appeal. Dismissed.

A. M. Baldwin, for plaintiffs in error.

Joe M. Adams and W. L. Chapman, for defendant in error.

Opinion by JONES, C. This action was instituted in the superior court of Pottawatomie county, September 9, 1922, by defendant in error, plaintiff in lower court. Plaintiff alleged damages in the sum of $700 on account of certain actions and conduct on the part of the defendants, in that the defendants had forbidden this plaintiff to use a certain roadway.

The defendants answered by general denial, and further answering pleaded res adjudicata, and filed counterclaim setting out various items of damage aggregating the sum of $700. When the case was called to trial and plaintiff offered evidence in support of the allegations of petition, the defendants objected to the introduction of evidence on the grounds that the petition failed to state a cause of action, and that the petition on its face showed that the matters set forth in the petition were res adjudicata, which objection was sustained by the court, and plaintiff's cause of action dismissed, and the court thereupon on its own motion dismissed the cross-petition of the defendants, to which action of the court the defendants excepted and pray an appeal.

Defendant in error, plaintiff in the lower court, among other contentions made, urges

that this appeal should be dismissed for the reason the case-made fails to set out or contain any journal entry of final judgment or affirmatively show the judgment of the court in this case, or that the same has been entered on the journal of the court, and cites as authority for this contention the case of Board of County Commissioners, Mays County, v. Vann, 60 Okla. 86, 159 Pac. 297, and Holligoss v. Webb, 60 Okla. 89, 159 Pac. 291.

In the first case cited the syllabus of same lays down this rule:

"Where case-made does not affirmatively show that the judgment appealed from has been entered on the journal of the court, this court is without jurisdiction to review the same."

And in the body of the opinion the court said:

"The case-made in this case fails to affirmatively show that the judgment from which plaintiff in error appeals was entered upon the journal of the court. The case-made contains what appears to be a decree of the court to which is attached a stipulation of the attorneys for the respective parties, agreeing that it is a true, correct and exact copy of the decree and that said decree was filed for record on the 10th day of September, 1915. It does not, however, appear where such decree was filed or that it was ever entered upon the journal of the court. This being the case, there is nothing before this court for consideration"

—citing Mobley v. C., R. I & P. R. Co., 44 Okla. 788, 145 Pac. 331, and other Oklahoma authorities. In the Holligoss-Webb Case the court laid down the following rule:

"The trial court sustained a general demurrer to the amended petition and rendered judgment for cost against plaintiff. The record fails to show that either the order sustaining the demurrer or the final judgment awarding cost was entered of record in the trial court. Held, that the record presented no question to the court for review under assignment of error predicated thereon."

And defendant in error contends that the law announced in the above and foregoing case is applicable and should control in this case. The records, as disclosed by the case-made in this case, show the following proceedings, upon the objections made (heretofore referred to) by the defendant to the introduction of evidence on the part of the plaintiff:

"By the Court: The objection to the introduction of evidence on the part of the plaintiff is sustained. By Mr. Adams: To which action of the court the plaintiff excepts. By the Court: Exception allowed. The said cause is dismissed, Mr. Adams. The dismissal of said cause is excepted to by the plaintiff. The plaintiff in open court gives notice of appeal to the Supreme Court of the state of Oklahoma and asked time in which to make and serve case-made. By the Court: The court clerk is directed to make notation on the appearance docket of the notice of appeal to the Supreme Court and the plaintiff is given 60 days from this date in which to make and serve case-made, and the defendants are given ten days thereafter to suggest amendments, the same to be signed and settled on five days written notice by either party. By the Court: The cross-petition of the defendant is dismissed to which action of the court the defendants except and give notice of their intention to appeal to the Supreme Court of the state of Oklahoma, and asked leave for time to make and serve case-made. By the Court: The court clerk is directed to make notation on the appearance docket of the defendant's notice of appeal to the Supreme Court of the state of Oklahoma, and the defendant is given 60 days in which to make and serve case-made on the plaintiff, the plaintiff to have ten days thereafter to suggest amendments, the said case-made to be signed and settled upon five days written notice by either party."

This record evidently, as is contended by defendant in error, sets forth an oral statement made in open court at the time of the rendition of the judgment, made by the court and the attorneys for plaintiff and defendants, and is not a record taken from any records or journals of the court or clerk, and there is no affirmative showing in the record that any journal entries were ever drawn, filed, or recorded, and as we understand the rule announced in the cases cited by defendant in error and referred to in this opinion, the contention of defendant in error is well taken, and there is no record, as disclosed by the case-made, upon which this court can base jurisdiction. We, therefore, recommend that the appeal be dismissed.

By the Court: It is so ordered.