## BUTLER v. BUTLER.

No. 18115—Opinion Filed March 15, 1927.

Rehearing Denied April 26, 1927.

(Syllabus.)

1. **Divorce—Appeal—Necessity for Statutory Notice.**

That part of section 510, Comp. Stat. 1921, which provides that a party desiring to appeal from a judgment granting a divorce must, within ten days after such judgment is rendered, file a written notice in the office of the clerk of the court duly entitled in such action, stating that it is the intention of such party to appeal from such judgment was not repealed by chapter 219, Session Laws 1917, and unless such notice is filed as provided therein, this court is without jurisdiction to review the judgment appealed from.

2. **Appeal and Error—Necessity for Record Showing Entry of Judgment.**

Where case-made does not affirmatively show that the judgment appealed from has been entered on the journal of the trial court, this court is without jurisdiction to review the same.

Error from District Court, Hughes County; George C. Crump, Judge.

Action between Pulser Butler and Susana Butler, by her guardian. From the judgment. the former brings error. Dismissed

Pryor & Stokes and Hugh Murphy. for plaintiff in error.

Anglin & Stephenson, for defendant in error.

PER CURIAM. The plaintiff in error was the defendant below and the defendant in error was the plaintiff below. Parties will be referred to as they appeared in the trial court.

Judgment was rendered May 15, 1926, granting the plaintiff a divorce from the defendant, and the question of the division of the property was continued for further determination.

On May 15, 1926, motion for new trial was filed and on September 21, 1926, the motion alleging error in granting the divorce was overruled, notice of appeal was given in open court and time extended to make and serve case-made. No written notice of appeal was filed with the clerk of the trial court within ten days as required by section 510, C. O. S. 1921. On September 22, 1926, the court pronounced its decision on the question of division of property denying to defendant any alimony as prayed for in his cross-petition.

The record in this court does not disclose this pronouncement of the judgment of the court to have ever been recorded in the journal of the trial court. Motion for new trial alleging error in division of property was filed by defendant on September 24, 1926, and overruled by the court October 4, 1926, notice of appeal was given in open court, time given in which to make and serve case-made. No written notice of appeal was filed with the clerk of the trial court within ten days after judgment.

The defendant in error moves this court to dismiss the appeal for the reasons: (1) That no written notice of intention to appeal from the judgment granting a divorce was filed in the office of the clerk within the ten days after judgment was rendered as required by section 510, C. O. S. 1921; and (2) that the appeal was not lodged in this court within six months after said decree of divorce was rendered.

The position of the plaintiff is well taken as to the appeal from the decree granting a divorce. Section 510, supra, in so far as applicable to the question raised in this court is as follows:

"A party desiring to appeal from a judgment granting a divorce must within ten days after such judgment is rendered file a written notice in the office of the clerk of the court duly entitled in such action stating that it is the intention of such party to appeal from such judgment."

This court has frequently held that the filing of such notice is necessary to give this court jurisdiction, and without the notice being filed within ten days after judgment no jurisdiction is acquired by this court. Reynolds v. Reynolds, 94 Okla. 114, 221 Pac. 109; Vogt v. Vogt, 91 Okla. 272, 217 Pac. 192; Milam v. Milam, 76 Okla. 62, 184 Pac. 442; Linkugel v. Linkugel, 74 Okla. 298, 183 Pac. 55; Rogers v. Rogers, 38 Okla. 195, 132 Pac. 476; Orcutt v. Orcutt, 25 Okla. 855, 108 Pac. 373. Plaintiff in error gave notice of appeal in open court as provided in section 782, C. O. S. 1921, but in the case of Reynolds v. Reynolds it is held that section 510, supra, was not repealed by chapter 219, Session Laws 1917, section 782, supra.

Since the opinion in the case of Reynolds v. Reynolds, supra, was written, the Legislature has amended section 510, supra (Session Laws 1925, chapter 119), and the same was under consideration by the Legislature, and the provisions in this section as to notice of appeal were re-enacted, thereby showing the intention of the Legislature to require written notice of appeal from a judgment of divorce to be filed with the clerk of the trial court within ten days after the rendition of such judgment. The plaintiff urges that no notice of appeal from judgment of the trial court denying the defendant alimony was filed with the clerk of the trial court, which said judgment was pronounced on September 22, 1926.

It is unnecessary to consider this question for the reason the record in this court does not show any such judgment has been entered upon the journal of the court and this court is without jurisdiction to review the same. Section 685, C. O. S. 1921, provides that:

"All judgments and orders must be entered on the journal of the court and specify clearly the relief granted or order made in the action."

In the case of Malaski et ux. v. Farris, 93 Okla. 81, 219 Pac. 323, this court held:

"Where the case-made does not affirmatively show that the judgment appealed from has been entered on the journal of the court, this court is without jurisdiction to review the same."

No notice of appeal from the judgment granting the divorce having been filed with the clerk of the trial court, and the record in this court not showing affirmatively that the judgment denying alimony has been entered in the journal of the trial court, this

court is without jurisdiction to review either of said judgments, and this cause is dismissed.

Note.—See under (1) 19 C. J. p. 189, §§466, 467. (2) 19 C. J. p. 190, §469.