H. M. HUDSON, Respondent, v. KOOTENAI POWER
COMPANY, LIMITED, a Corporation, Respondent, and
CITY OF COEUR D'ALENE, a Municipal Corpora-
tion, Appellant.

[258 Pac. 169.]

RECORDS — OFFICIAL AUTHORITY TO AMEND — PRIMA FACIE SHOWING —
APPEAL AND ERROR—EVIDENCE.

1. While a recording officer may amend his record to accord
with the facts by correcting mistakes or supplying omissions,
such changes may be made only to make the record speak the
truth and only by or under official authority.

2. While under C. S., sec. 7954, a public record is *prima facie*
evidence of the facts therein stated, such *prima facie* showing may
be overcome by evidence, clear and convincing, that unauthorized
changes or interlineations have been made.

3. The determination of the effect of the offered evidence on
motion for new trial for newly discovered evidence was for the
trial court.

APPEAL from the District Court of the Eighth Judicial
District, for Kootenai County. Hon. W. F. McNaughton,
Judge.

Appeal from an order granting a new trial. *Affirmed.*

James F. Ailshie and W. B. McFarland, for Appellant.

A new trial cannot be granted on the grounds of newly
discovered evidence unless the evidence presented is of such
a nature and character as could justify a different judg-

Publisher's Note.

1. See 23 R. C. L. 168.

2. See 23 R. C. L. 158.

3. See 20 R. C. L. 290.

See Alteration of Instruments, 2 C. J., sec. 195, p. 1278, n. 41.
Appeal and Error, 4 C. J., sec. 2817, p. 835, n. 67.
Records, 34 Cyc., p. 591, n. 75, 77, 79, 85 New, 90, p. 614, n. 9, 10.

ment from that entered and might cause the court to reach such a contrary conclusion. (*Caravelis v. Cacavas,* 38 Ida. 123, 220 Pac. 110.)

The record made by the county recorder is not an original instrument but is merely a copy or transcription of an original, and it is the privilege and duty of the recorder or copyist to make such erasure or interlineations, additions or corrections as may be necessary in order to make the recorded copy a true and correct copy of the document presented for record. (*Northwestern Mortgage Co. v. Levtzow,* 23 S. D. 562, 122 N. W. 600; *Baylis v. Kerrick,* 64 Wash. 410, 116 Pac. 1082; *Hommell v. Divinney,* 39 Mich. 522; *Phillips v. Big Sandy Co.,* 149 Ky. 555, 149 S. W. 957; *Brier v. Woodbury,* 1 Pick. (Mass.) 362.)

Where records are made by a public officer all the presumptions are indulged in favor of such officer having done his duty. (*Northwestern Mortgage Co. v. Levtzow, supra; Baylis v. Kerrick, supra.*)

In order to successfully attack a public record which purports to be a copy of a deed of conveyance it is not sufficient to merely show that there has been an erasure, interlineation or addition to the record, but it must be shown by clear and convincing evidence that such change was fraudulently made and that the record as made is not a true and correct copy of the original instrument presented for record. (See cases above cited.)

Lynn W. Culp and N. D. Wernette, for Respondent H. M. Hudson.

The trial court possesses a discretion in the granting or refusing of new trials, and such discretion will not be disturbed, unless it manifestly and clearly appears to have been exercised unwisely and to have been abused. (*Baille v. City of Wallace,* 22 Ida. 702, 127 Pac. 908; *State v. Lumpkin,* 31 Ida. 175, 169 Pac. 939; *Seamons v. Davis,* 34 Ida. 393, 201 Pac. 716; *McAllister v. Bardsley,* 37 Ida. 220, 215 Pac. 852; *Caravelis v. Cacavas,* 38 Ida. 132, 220 Pac. 110; *Marion Mfg. Co. v. Bowers,* 71 Kan. 260, 80 Pac. 565;

Sutherland, Code Pleading, Practice and Forms, sec. 1551, citing cases.)

A recording officer has no authority to interpolate anything not in the instrument recorded at the time of the original record, and if at that time the proper entry was made, or the instrument correctly copied, the officer cannot subsequently alter the record even though there was a mistake in the original instrument, and the alteration of the record is made by consent of the parties. (34 Cyc. 591, citing cases.)

"Entries in public or other official books or records made in the performance of his duty by a public officer of this state, or by another person in the performance of a duty especially enjoined by law, are merely *prima facie* evidence of the fact stated therein." (C. S., sec. 7954.)

Robert H. Elder, for Respondent Kootenai Power Company.

A new trial will not be granted on ground of newly discovered evidence unless it appears reasonably probable that a different judgment would result. (*Caravelis v. Cacavas,* 38 Ida. 123, 220 Pac. 110.)

GIVENS, J.—Respondent Hudson commenced this action against the Kootenai Power Company to compel the company to remove its poles and wire line from a strip of land running across block "U" in the city of Coeur d'Alene. The Kootenai Power Company and the city contended that the land was a public alleyway of the city and that the company was operating its distributing system in the alley by right of a franchise from the city. The court found in favor of the city to the effect that it was a public alleyway, and judgment was entered in favor of the Power Company. Respondent Hudson was granted a new trial on the ground of newly discovered evidence from which order the city of Coeur d'Alene appealed.

[1] Respondent asked for a new trial that he might, by means of newly discovered evidence, show that changes other

than for the purpose of properly correcting the plat-book, one of the records of Kootenai county, had been made. The application for a new trial is supported by affidavits of the proposed witnesses. The plat, or record in the plat-book, made by the county recorder or by his authority and on file with him is not an original but is a copy or transcription. While a recording officer may amend his record to accord with the facts by correcting mistakes, supplying omissions, altering or amending the same (*Mott v. Reynolds*, 27 Vt. (1 Wms.) 206; *Jay v. Inhabitants of Carthage*, 48 Me. 353; *Glencoe Board of Education v. Trustees*, 74 Ill. App. 401, 174 Ill. 510, 51 N. E. 656; *State v. Cornell*, 56 Neb. 143, 76 N. W. 459), such damages may be made only ·to make the record speak the truth and only by or under official authority.

[2] Though the record is *prima facie* evidence of the facts therein stated (C. S., sec. 7954), such *prima facie* showing may be overcome if the evidence is clear and convincing that . unauthorized changes or interlineations have been made. (*Hommel v. Divinney*, 39 Mich. 522; *Phillips v. Big Sandy Co.*, 149 Ky. 555, 149 S. W. 957; *Northwestern Mortgage Trust Co. v. Levitzow*, 23 S. D. 562, 122 N. W. 600; 2 C. J. 1278, sec. 195.)

[3] The determination of the effect of the offered evidence was for the trial court and the court's action in granting a new trial is affirmed. Costs awarded to respondents.

Wm. E. Lée, C. J., and Budge, Taylor and T. Bailey Lee, JJ., concur.