## GRAND LODGE BROTHERHOOD OF RAILROAD TRAINMEN v. SCOTT.

No. 19512. Opinion Filed Jan. 29, 1929.

Abernathy & Howell, for plaintiff in error.

E. C. Stanard, M. L. Hankins, and Leonard Carey, for defendant in error.

SWINDALL, J. Motion is filed to dismiss this appeal because the case-made does not affirmatively show that the journal entry of judgment and in overruling of motion for new trial have been recorded in the journal of the superior court of Pottawatomie county, Okla., as required by law; and second, because the brief of plaintiff in error fails to present and argue the assignments of error separately, as required by rule 26 of this court, and argues in a general way that the court erred in rendering judgment for the plaintiff and against the defendant in the lower court on the evidence and the pleadings.

We have carefully examined the record in this case, and find that there is a recital in the case-made at page 244A:

"That thereafter on February 16. 1928, there was filed in said cause in said court, a certain journal entry of judgment, which said journal entry of judgment is of record upon the journal in said court under date of January 5th, 1928. Said journal entry as filed and said journal entry as the same appears and is of record upon the journal of said court is in words and figures as follows, to wit:"

Following this recital there appears a journal entry in the above-captioned action in due form of law approved by the attorneys for plaintiff and defendant and signed by the judge of the superior court.

The case-made containing this journal entry was duly served upon the attorneys of record for the plaintiff on the 20th day of March, 1928; thereafter notice was served upon the attorneys of record for the plaintiff that the case-made would be presented for settlement at Shawnee, Okla., on the 24th of April, 1928, at the hour of ten o'clock a. m. of said date, in the superior court room, or, as soon thereafter as the same could be heard, and that the judge of said court would then and there be asked to settle and sign the same. Following this notice is the certificate of the judge of the superior court, in which he shows that the attorney for the plaintiff did not appear, and that he settled and allowed said case-made as a true and correct case-made in said cause and directed that it be attested and filed by the clerk of said court, and the attestation and filing marks appear upon said certificate. Numerous decisions have been rendered by this court holding that where a case-made does not affirmatively show that the judgment appealed from has been entered on the journal of the trial court. there is nothing before this court for review, and the appeal will be dismissed. Some of these cases are cited by defendant in error in this case, being Malaski v. Farris, 93 Okla. 81, 219 Pac. 323; Hilligoss v. Webb, 60 Okla. 89, 159 Pac. 291; Board of County Commissioners v. Vann, 60 Okla. 86. 159 Pac. 297; Butler v. Butler, 124 Okla. 245, 255 Pac. 580.

To this list may also be added Meadors v. Johnson, 27 Okla. 543, 117 Pac. 198; K. C., Mo. & O. Ry. Co. v. Fain, 34 Okla. 164, 124 Pac. 70; Mobley v. C., R. I. & P. Ry. Co., 44 Okla. 788, 145 Pac. 321; Shuck v. Moore, 48 Okla. 533, 150 Pac. 461; Graham v. Graham, 57 Okla. 672, 157 Pac. 740; Negin v. Picher Lbr. Co., 77 Okla. 285, 186 Pac. 205; Alexander v. Phelan, 97 Okla. 272, 222 Pac. 510; City of Tulsa v. Kay, 124 Okla. 243. 255 Pac. 684.

However, in each of these cases the court found that there was no journal entry of judgment disclosed by the case-made, and that the mere recital in the case-made that such a judgment had been entered did not comply with the laws of this state; that the case-made must affirmatively show that the same was entered upon the journal. We still adhere to the rule that the case-made must affirmatively show that the judgment appealed from has been entered on the journal of the trial court. But where a case-made recites the fact that the judgment set forth is upon the journal of the court and the case-made containing such recital and journal entry is served upon opposing coun-

sel and they fail to offer any objections to the case-made or fail to move or strike out any of the instruments set forth therein upon the grounds that they are not properly in-serted therein, and are duly served with no-tice of the time and place at which such case-made is to be presented for settlement and fail to object to any of the instruments incorporated therein and fail to move to strike any therefrom, and the trial judge certifies that the foregoing record is a true and correct case-made and orders the same to be attested and filed as a case-made in said cause, and the same is accordingly done, then we hold the record does affirmatively show that said journal entry has been entered upon the journal of the court. When the case-made is served upon the opposing party, or his or her counsel, it is the duty of such party or counsel so served to suggest amendments to the case-made, if he has any amendments to offer, and also to move to strike from the case-made any pleadings or orders contained therein which are not correct, and if the journal entry as set forth in the case-made is not in fact entered upon the journal of the court, this fact should be called to the attention of the trial judge in the proper manner at the time the case-made is submitted to him for settlement and signing, and where this is not done and the trial judge certifies to the case-made containing such journal entry as true and correct, this court will give full faith and credit to such certificate until such time as the case-made may be shown to be incorrect in the manner authorized by the laws of this state for correcting case-made. The views herein expressed that where there is a journal entry of judgment in the case-made which is not questioned as to correctness or as to being upon the journal of said court, finds support in the following decisions of this court: St. L. & S. F. Ry. Co. v. Taliaferro. 58 Okla. 585, 160 Pac. 610; Holmberg v. Wills, 49 Okla. 138. 152 Pac. 357; First National Bank of Wellston v. Reed, 58 Okla. 752, 161 Pac. 531; Bennett v. Moore, 62 Okla. 159, 162 Pac. 707; Illinois Bankers Life Ass'n v. Davaney, 102 Okla. 302, 226 Pac. 101, and Ashinger v. White, 106 Okla. 19, 232 Pac. 850.

Owing to the numerous times the sections of our Code relative to the duty of the court clerk to enter all judgments and orders on the journal of the court and specify clearly the relief granted or order made in the action, as required by section 685, Comp. Stat. 1921, are set forth in the decisions of this court, we do not deem it necessary to further discuss the importance of the clerk performing this duty and for the respective counsel to see that the judgments and orders are properly recorded, and if the same are not done, to call the matter to the attention of the trial court. As said by Mr. Justice Riley, in City of Tulsa v. Kay et al., supra:

"A court of record acts by its records. Such a court hears arguments upon its records; it decides upon its records; it acts by its records; its openings and sessions and adjournments can be proved only by its records; its judgments can only be evidenced by its records; in a word, without its record it has no vitality. The acts of a court of record are known by its records alone and cannot be established upon matters within its jurisdiction by counter evidence. * * * The court here speaks through its journal, and when the journal is silent as to any act upon which jurisdiction on appeal depends, the appeal must be dismissed."

So we cannot impress upon litigants and members of the bar and clerks of courts of record too forcibly the importance of seeing that the orders and decrees and judgments of a court of record are properly entered upon the journal of the court and as speedily as possible after the same are made by the trial judge.

However, as stated before, we feel that the case-made in this particular action shows affirmatively that the journal entry set forth in the case-made was entered upon the journal of the court and therefore that the moton to dismiss the appeal for the reason that the case-made fails to show affirmatively that the judgment appealed from has been entered on the journal, should be denied.

Upon the second ground for dismissal, that the brief of plaintiff in error does not comply with rule 26 of this court, we have examined the brief of plaintiff in error and fully agree with counsel for defendant in error that the brief of plaintiff in error does not fully comply with rule 26 of this court and is not as complete as rule 26 contemplates.

However, we feel that, under the holding of this court in Royce Wyant v. Henry Levy and Leon Levy, Partners, No. 18586, 134 Okla. 39, 272 Pac. at page 851, we would be running contrary to this decision to sustain the motion to dismiss; yet we desire to impress upon counsel for plaintiff in error in this case, and upon counsel that may file briefs in other cases, that it is very much to the interest of their clients to fully comply with rule 26 of this court. Counsel who have tried the case in the lower court and

are familiar with the facts owe it to themselves and their clients and to this court to clearly and concisely submit their several assignments of error supported by authority and argument to this court, and, as stated by Mr. Justice Hefner in delivering the opinion of this court in Wyant v. Levy, supra:

"This court will not examine the record in search of prejudicial errors which are not clearly pointed out and insisted on in the brief of the complaining party, and it is not enough to assert in general terms that the ruling of the trial court is wrong, for on this the point will not be considered as having been made, but counsel should support the same with argument and citation of authority where possible. Brunson v. Emerson, 34 Okla. 211, 124 Pac. 979."

For the reasons above stated, the motion to dismiss upon the second ground is also denied.

LESTER, HUNT, CLARK, RILEY, HEFNER, and ANDREWS, JJ., concur. MASON, C. J., and CULLISON, J., absent.

Note.—See "Appeal and Error," 3 C. J. §1588. p.1413, n. 56; §1591, p. 1428, n. 53; 4 C. J. §1622, p. 45, n. 64; §2290, p. 516, n. 14.