(No. 5132.  May 6, 1929.)

MARY H. JACKSON, Respondent, v. CHARLES W. LEE and MILDRED A. LEE, Husband and Wife, and R. D. LEACH, Receiver for E. C. WHITE COMPANY, a Corporation, Defendants, and CITIZENS BANK & TRUST COMPANY, a Corporation, THE FIRST NATIONAL BANK OF POCATELLO, a Corporation, and THE NATIONAL BANK OF IDAHO AT PO-CATELLO, a Corporation, Appellants.

[277 Pac. 548.]

Peterson, Baum & Clark, Merrill & Merrill and Jones, Pomeroy & Jones, for Appellants.

Holden & Coffin, for Respondent, ▮▮▮▮▮▮▮▮

VARIAN, J.—Action to foreclose mortgage on real estate. The complaint is in the usual form and alleges that the appellants have, or claim to have, some interest in the mortgaged premises, but that such interest is subject and inferior to respondent's rights, etc. Appellants answered separately, each pleading lack of consideration and setting up as a separate defense that Charles W. Lee and Mildred A. Lee, alleged by plaintiff to have executed the mortgage in question, were not, at the date they executed said mortgage, the owners of the property therein described or any part thereof, and have not since said time acquired title to the same or any part thereof.

The facts disclosed by the proof and offers of proof are substantially as follows: On March 10, 1924, E. C. White and wife conveyed by warranty deed, consideration one dollar, to Charles W. Lee, the property in controversy here. On the same date, March 10, 1924, Charles W. Lee and wife conveyed the property by warranty deed to E. C. White, reciting a consideration of one dollar. The first mentioned deed was recorded at request of White on May 22, 1924, and the second, also at the request of White, on May 24, 1924. Notwithstanding they had already conveyed the property back to White, Lee and wife on March 19, 1924,

executed the mortgage in question to E. C. White, which was recorded by White on the following day. On the same date White executed an assignment of the mortgage from Lee and wife to Mary H. Jackson, respondent here. This assignment was filed for record by White on April 2, 1924. Under date of April 14, 1924, by warranty deed recorded May 13, 1924, White and wife conveyed the property described in said mortgage to E. C. White Company, a corporation. Thereafter, under date of July 3, 1925, the receiver of E. C. White Company, being thereunto duly authorized, deeded the property to the appellant banks for the consideration of $2,500. On January 7, 1927, E. C. White, his wife, and E. C. White Company, a corporation, executed a quitclaim deed to appellant Citizens Bank & Trust Company, consideration one dollar, to certain real property including the premises described in the mortgage herein.

When the case was called for trial, counsel for appellants stated to the court that on examining the records a few minutes earlier, preparatory to introducing in evidence the record of the deed from Charles W. Lee and wife to E. C. White, he discovered for the first time that the date, and also the date of acknowledgment, had been erased and changed from March 10th, to March 31, 1924, and moved the court for a continuance of the trial in order to enable appellants to produce the original deed and make proof that the record had been altered. They also asked permission to make the necessary affidavit and record for a continuance. The motion was denied upon the ground that counsel had not shown diligence in discovering the falsification of the record, and the trial proceeded. The defendant mortgagors did not contest the foreclosure, and their defaults were entered.

Respondent made her proof and appellants showed by the county recorder that the dates in the record of the deed from Lee and wife to E. C. White had been erased, and the date March 31st inserted in lieu of March 10th. That there had been an erasure was apparent from the physical appearance

of the record, and the recorder's reception book also showed that the instrument was received and recorded May 24, 1924, and bore the date March 10, 1924. This testimony was afterward stricken by the court, who refused to admit the record proof of the deeds from Lee and wife to White, White and wife to E. C. White Company, the receiver's deed to appellants, and the quitclaim deed from White and wife and E. C. White Company to appellant Citizens Bank & Trust Company. The court further rejected offers of proof to the effect that the managers of two abstract companies of Pocatello had taken off the record of the deed from Lee and wife to E. C. White on May 24, 1924, and that the record then showed the date to be March 10, 1924, instead of March 31, 1924.

At the close of the trial counsel for appellants moved for leave to amend their answers to conform to the proof, the court having intimated that the allegations of the further defenses were insufficient to warrant the introduction of the evidence stricken or rejected. The motion was denied.

Under the facts disclosed by the record, we think the court should have granted a continuance to enable appellants to assemble proof that the record of the deed from Lee and wife to White had been tampered with and to show the true date thereof. Appellants, having an abstract of title, had a right to presume that the record as shown therein had not been altered or changed since the date of the certificate to the abstract. They did not show lack of diligence in failing to examine the record itself until just prior to the date of trial. Since the record, if it was altered and did not speak the truth, is to be regarded as it stood before being tampered with (23 R. C. L., p. 270, sec. 141; *Aetna Life Ins. Co. v. Hesser*, 77 Iowa, 381, 14 Am. St. 297, 42 N. W. 325, 4 L. R. A. 122), it was error to strike the testimony of the county recorder showing it was tampered with. The trial court should have permitted appellants to amend their answer to conform to the proof (*Harrison v. Russell & Co.*, 17 Ida. 196, 105 Pac. 48), and they should have been permitted to prove their chain of title.

██ Although the record is *prima facie* evidence of the facts therein stated (C. S., sec. 7954), this may be overcome if the evidence is clear and convincing that unauthorized changes have been made in it. (*Hudson v. Kootenai Power Co.*, 44 Ida. 423, 258 Pac. 169.) The evidence tending to establish the correct date of the said deed was clearly admissible, and should not have been stricken or denied admittance.

█ If respondent's mortgage was in fact executed by one who was at the time a stranger to the title, its record did not constitute constructive notice to appellants under C. S., sec. 5423 (*Harris v. Reed*, 21 Ida. 364, 121 Pac. 780), and "a mortgage by a stranger to the record title is not constructive notice to an intending purchaser of a prior unrecorded deed to the mortgagor" (1 Jones on Mortgages, 8th ed., sec. 643, p. 921). The Lee mortgage was not constructive notice that there might be an unrecorded deed from White to Lee after March 10, 1924, and prior to March 19th of that year.

██ Respondent contends that appellants are estopped under the rule announced in 1 Wiltsie on Mortgage Foreclosure, 4th ed., sec. 226, to the effect that "Where an assignment is made with the knowledge or consent of the mortgagor or other person and he, by his acts, conduct or words, has led the assignee to believe that the mortgage is valid without any defense thereto, and the assignee gives a valuable consideration for the assignment of the mortgage, relying upon the acts, conduct or words, the mortgagor or other person will be estopped to assert any defense that might exist as against the mortgage."

The complaint is silent as to any acts, conduct or words of the appellants, upon which respondent relies as having acted upon in purchasing her mortgage. The facts relied upon as an estoppel *in pais* must be pleaded with certainty and precision. (*Seat v. Quarles*, 31 Ida. 212, 169 Pac. 1167; *Neitzel v. Lawrence*, 40 Ida. 26, 231 Pac. 423; *Hess v. Hess*, 41 Ida. 359, 239 Pac. 956; *Quirk v. Bedal*, 42 Ida. 567, 248 Pac. 447.) Not having pleaded or shown facts sufficient

to constitute an estoppel against appellants, the position contended for is not tenable.

The judgment is reversed as to each appellant and the cause remanded, with instructions to grant a new trial. Costs to appellants.

Givens and Wm. E. Lee, JJ., and Baker, D. J., concur.

Petition for rehearing denied.