## JONES v. JONES.

No. 22352. Opinion Filed March 8, 1932.

J. H. Long, for plaintiff in error.

J. W. Marshall, for defendant in error.

PER CURIAM. This is an attempted appeal from a purported judgment of the district court of Stephens county, Okla., in favor of Elsie Jones, plaintiff below, and against Floyd J. Jones, defendant below. The appellant filed petition in error with case-made in this court on May 18, 1931, and on June 22, 1931, the defendant in error filed motion to dismiss the appeal for the following reasons, to wit:

"The purported case-made shows no journal entry of judgment or final order of the trial court from which this appeal is attempted to be made."

Plaintiff in error has filed no response to the motion to dismiss, nor any other pleading in said cause on appeal.

From an examination of the record, we find no affirmative showing in the record that any journal entries were drawn, filed, or recorded. There is set forth in the case-made (pp. 47 and 48) an oral statement made by the court at the close of the trial, as follows, to wit:

"Defendant rests. By the Court: It appears that on the 20th day of August, 1930, an order was made, requiring you to pay to your wife $100 a month, beginning on the 27th day of August, 1930, for her maintenance and maintenance of the child, and the further sum of $100 attorney's fees, and $15 court costs. It appears from the contempt order you have only paid $100 of that. Accordingly, on the 27th day of October, 1930, an order was made, requiring you to show cause why you should not be adjudged guilty of contempt of court for failure to pay alimony as directed. It is the judgment of this court that you have not shown sufficient cause why you should not be adjudged guilty of contempt of court, and that you have entirely failed to purge yourself of contempt. It is therefore the judgment of this court that you be confined in the common jail of this county, Stephens county, for a period of six months, to begin on the date of your reception there. It is further ordered that the sheriff be permitted and directed to release you upon the payment of the sum of $200. By Mr. Long: Comes now the defendant and excepts to the ruling of the court, and gives notice of appeal from said judgment and sentence, and asks the court to fix the sum of supersedeas bond. By the Court: Supersedeas bond will be fixed in the sum of $1,500. By Mr. Long: We ask the court to fix the time in which we can file our supersedeas bond. By the Court: How much time do you require? By Mr. Long: Well, we can fix it today. By the Court: One day's time in which to make and file supersedeas bond. And 30 days in which to make case-made, 10 days to serve and make amendments and the case to be settled on 5 days' notice. By Mr. Long: That is 30-10 and 5. That is correct? By the Court: Yes. By Mr. Long: I will file motion for new trial."

The above is only a transcript of the reporter's notes taken at the trial. It is not shown that rendition of judgment was entered on the minutes of the court by the clerk, and no journal entry of judgment or copy of same appears in the record.

Motion for new trial was filed on the

18th day of November, 1930, but in so far as the record in this court discloses was never acted upon by the trial court. No order of the trial court overruling the motion for new trial, signed, filed or recorded, appears in the record, not even in the clerk's minutes.

In Morris v. Caulk, 44 Okla. 342, 144 P. 623, this court held:

"Where the record contains no order of court overruling the motion for new trial, and matters occurring at the trial are the only points urged in the assignments of error, there is nothing properly before this court for review." Bigpond v. Davis, 121 Okla. 44, 247 P. 676; City of Tulsa v. Kay, 124 Okla. 243, 255 P. 684.

And again in Malaski v. Farris, 93 Okla. 81, 219 P. 323, this court held:

"Where case-made does not affirmatively show that the judgment appealed from has been entered on the journal of the court, this court is without jurisdiction to review the same."

To the same effect is Butler v. Butler, 124 Okla. 245, 255 P. 580; Grand Lodge Brotherhood of Railroad Trainmen v. Scott, 135 Okla. 74, 274 P. 27; Carson v. State ex rel. Dudley, Co. Atty., 137 Okla. 153, 278 P. 392. Section 685, C. O. S. 1921, provides that:

"All judgments and orders must be entered on the journal of the court and specify clearly the relief granted or order made in the action."

In the absence from the record of an order of the court overruling the motion for new trial, and where the case-made does not affirmatively show that the judgment appealed from has been entered on the journal of the trial court, there is nothing before this court for its consideration, and the appeal is dismissed.