POWELL, Adm'r, v. SANDEFUR.

No. 29308.   Oct. 28, 1941.

Rehearing Denied Dec. 2, 1941.

Application for Leave to File Second Petition for Rehearing Denied Jan. 6, 1942.

*120 P. 2d 365.*

Blanton, Curtis & Blanton, of Pauls Valley, H. W. Fielding, of Sulphur, J. T. Wheeler, of Wynnewood, and John C. Powell, of Sulphur, for plaintiff in error.

Ledbetter & Ledbetter, of Ardmore, and John Steele Batson, of Marietta, for defendant in error.

HURST, J. This is an action by plaintiff, C. D. Sandefur, against defendant John C. Powell, administrator of the estate of R. J. Vanderslice, deceased, and others, to quiet title to certain lands in Murray county. From a judgment for plaintiff, the administrator alone appeals.

1. Plaintiff has moved to dismiss the appeal (a) because the heirs of R. J. Vanderslice are not made defendants in error, and their interests will be adversely affected by a reversal, and (b) because a correction of the record, made by stipulation approved by this court, is of no effect.

a. As to the first ground, the evidence of plaintiff shows that all the heirs of R. J. Vanderslice have conveyed their interest in the estate to R. J. Vanderslice, Jr., grantor of plaintiff, who was a party to the action, and who was made a party to the appeal by notice of appeal in open court, and by service of case-made upon him. That he was not named in the petition in error is immaterial. Section 531, O. S. 1931, 12 O.S.A. § 954; Walker v. McNeal, 134 Okla. 111, 272 P. 443; City of Sapulpa v. Young, 147 Okla. 179, 296 P. 418. None of the other heirs of R. J. Vanderslice appeared and participated in the trial, evidently for the reason that by their conveyances to R. J. Vanderslice, Jr., they had divested themselves of all interest in the estate. They were not opposite parties, adversely affected by the judgment. Therefore, it was not necessary to make

them parties to the appeal. Carey v. State ex rel. Doughty, 180 Okla. 50, 67 P. 2d 787.

b. The correction of the record by stipulation was pursuant to section 535, O. S. 1931, 12 O.S.A. § 959. This court has power, under said section, to permit the record to be corrected in such manner. Werfelman v. Miller, 180 Okla. 267, 68 P. 2d 819. The further objection is made that the certified copy of the journal entry of the judgment, which was attached to the case-made pursuant to the stipulation, does not show that it was entered in the lower court. It is not charged that the journal entry was not properly filed and entered, and the certificate of the court clerk recites that it is. In view of the stipulation, this is sufficient. Grand Lodge Brotherhood of Railroad Trainmen v. Scott, 135 Okla. 74, 274 P. 27. The motion to dismiss is denied.

2. On the merits, the sole contention of defendant is that the judgment is against the clear weight of the evidence. From the record it appears that R. J. Vanderslice was an intermarried citizen of the Chickasaw Nation, and was twice married. His children by his first wife received allotments, but his children by his second wife, of whom R. J. Vanderslice, Jr., was one, did not, and it is the theory of plaintiff that the father gave the land in question to the son to place him upon an equal footing with the children who received allotments. Plaintiff testified that he bought the land from R. J. Vanderslice, Jr., and that he procured an abstract which was examined and title approved by his attorney. He offered in evidence an abstract showing the deeds. He testified he had never seen the original deeds. The deed from R. J. Vanderslice, Jr., to plaintiff was dated February 2, 1931. The deeds under which R. J. Vanderslice, Jr., claimed title were dated, respectively, September 27, 1912, April 6, 1914, January 5, 1916, and February 24, 1920. Three of them were issued pursuant to conditional orders of the Secretary of the Interior removing restrictions against alienation, and two of such orders contained the certificate of the

Superintendent of the Five Civilized Tribes that the land had been sold to R. J. or Robert J. Vanderslice.

From photostatic copies of the record put in evidence it clearly appears that after these deeds were recorded the abbreviation "Jr." was inserted in the records after the name of R. J. or Robert J. Vanderslice. Photostatic copies of the indices kept by the recording officers showed that the deeds, as entered therein prior to recording, gave the name of the grantee as R. J. or Robert J. Vanderslice. The testimony of the county clerks and their office assistants was to the effect that while corrections in the records were at times made by them, the addition of the "Jr." to the deeds in question was not made by them, and that where typewritten it was not made by the typewriter used in the office. In two of the deeds the addition was made with pen and ink, and the officers could not identify the handwriting, but testified it was not theirs. R. J. Vanderslice died in 1926, and one of his administrators testified that he had had the original deeds in his possession, and that they were made to R. J. Vanderslice, and that the "Jr." did not appear in them. The original deeds were not introduced in evidence, although it appears that they were last in the possession of Jacob Vanderslice, a son of R. J. Vanderslice, deceased. An abstracter who testified for defendants stated that shortly after the deeds were recorded copies made by him for his office records showed the grantee to be R. J. Vanderslice, and that the abbreviation "Jr." did not then appear in them. R. J. Vanderslice paid the taxes on the lands until his death, and thereafter, until plaintiff obtained his deed and went into possession, taxes were apparently paid by the administrators of the estate. The evidence as to who actually had possession of the property and collected the rents and profits therefrom, after the death of R. J. Vanderslice, is confusing and contradictory, but it appears that at least a portion of the rents were paid to the administrators of his estate.

Plaintiff, and R. J. Vanderslice, Jr., who was one of the defendants in the

trial court, introduced some evidence that R. J. Vanderslice had turned over this land to R. J. Vanderslice, Jr., in 1923, when he reached majority, and one witness, who had formerly worked in the office of the county treasurer, testified that in 1925 the records of the county clerk showed R. J. Vanderslice, Jr., to be the owner of the land, but this evidence was wholly insufficient to explain the alteration of the records, or to show that R. J. Vanderslice, Jr., was in fact the grantee in the deeds under which plaintiff claimed title.

Plaintiff relies principally upon the admissibility in evidence of the county clerk's records under section 9690, O. S. 1931, 16 O.S.A. § 27, and section 337, O. S. 1931, 12 O.S.A. § 502, and upon the presumption stated in 53 C. J. 620, that alterations in public records will be presumed, in the absence of evidence to the contrary, to have been made by one having authority to make them, and for the purpose of correcting such records to make them speak the truth.

Defendants contend that the presumption does not obtain in this state because of the provisions of section 2527, O. S. 1931, 21 O.S.A. § 461, and that even if the presumption does obtain, the evidence adduced by them is sufficient to overthrow it. We think the evidence, as outlined above, clearly shows that the changes in the record were not made by the officers having charge of the records, or by their deputies. Whether they were made for the purpose of correcting the record is not shown, for the deeds themselves were not put in evidence. While under section 9690, and section 337, the plaintiff could make prima facie proof of his title by the introduction of properly certified copies of the recorded instruments, or by the records themselves, the proof of the unauthorized alteration of the records was sufficient to impeach them, and to overcome his prima facie case, thus placing upon plaintiff the burden of establishing his title, either by proof that the records were not in fact altered, or that as altered they spoke the truth. Hudson v. Kootenai Power Co., 44 Idaho, 423, 258 P. 169; 53 C. J. 620.

Under the proof adduced by defendants, the record is to be regarded as it stood before the alterations were made. Jackson v. Lee, 47 Idaho, 589, 277 P. 548; 53 C. J. 620.

Plaintiff asserts that by permitting him and his grantor to take and remain in possession defendants are estopped to now question his title. No estoppel is pleaded by plaintiff. At the time plaintiff went into possession of the property either his grantor or Jacob Vanderslice, a brother of his grantor, was administrator of the estate. The personal property was wholly insufficient to pay the debts of the estate. Negligence on their part, or willful failure to perform their duties, may not be taken advantage of by plaintiff to defeat the right of the administrator to the use and possession of the property, and his right to sell the same, if necessary, to pay creditors. In re Gentry's Estate, 158 Okla. 196, 13 P. 2d 156. And if, as plaintiff testified, he had made an abstract on the lands, and submitted it to his attorney, the recitations in the orders removing restrictions, and other matters of record which appeared, or should have appeared, in the abstract, which were notice of the discrepancies in the title, and of the claim of the estate to the lands, were amply sufficient to place him on notice as to the real condition of the record. There is no merit in this contention, nor, under the conflicting evidence of possession, in the contention that plaintiff has title by prescription. The proof in such case must be clear, positive, and convincing. Coats v. Riley, 154 Okla. 291, 7 P. 2d 644.

The judgment of the trial court is clearly against the weight of the evidence. The trial court should have held plaintiff the owner of the interest of the heirs, subject to the further administration of the estate.

Reversed, with directions to proceed in conformity to the views herein expressed.

WELCH, C. J., CORN, V. C. J., and RILEY, BAYLESS, GIBSON, and DAVISON, JJ., concur. OSBORN, J., not participating. ARNOLD, J., absent.