SANDEFUR v. VANDERSLICE et al.

No. 31149. March 7, 1944.

Rehearing Denied Sept. 12, 1944.

151 P. 2d 430.

H. A. Ledbetter, of Ardmore, for plaintiff in error.

Blanton, Curtis & Blanton, of Pauls Valley, Powell & Jameson, of Sulphur, and J. T. Wheeler, of Wynnewood, for defendants in error.

PER CURIAM. This is an appeal from the order of the court entered April 7, 1942, in which judgment was entered when the mandate was spread of record in Powell v. Sandefur, 190 Okla. 54, 120 P. 2d 365. In the former trial the trial court held that Sandefur, who claimed to be the owner of certain real estate by an alleged deed from R. J. Vanderslice, Jr., was the owner of said real property and this court reversed and remanded the cause holding that the judgment was clearly against the weight of the evidence, and that R. J. Vanderslice, deceased, was the owner of the real property at the time of his death, and the defendant Powell, the administrator, was entitled to the possession of the real property for the purpose of administering the same, and therein this court stated that the trial court should have held plaintiff the owner of the interest of the heirs of R. J. Vanderslice, subject to the further administration of the estate.

The opinion became final, and on the 20th day of January, 1942, John C. Powell filed his motion to spread the mandate of record. The court ordered it spread of record and entered judgment for the costs of the appeal in the Supreme Court and the costs of the former trial. Plaintiff in the first two propositions presents the alleged error of the trial court in refusing to disqualify. In the former trial the trial judge had disqualified on the theory that at one time he had been interested as an attorney in some of the real property owned by R. J. Vanderslice, deceased. Plaintiff at the hearing on the motion to disqualify the trial judge took the position that the trial judge once having disqualified, he could not thereafter participate in the subsequent proceedings. The court stated that any disqualification by virtue of his interest in the real property of R. J. Vanderslice, deceased, had long ceased, and refused to disqualify. In this there was no error. In Fidelity-Phoenix Fire Ins. Co. v. First National Bank, 145 Okla. 289, 292 P. 829, it was held that an application to disqualify a trial judge is addressed to the court's discretion, and the applicant must show clear abuse of the discretion to justify the disqualification.

In the next two propositions the plaintiff alleges error in the refusal of the trial court to allow him to amend his petition to meet the issue of estoppel. The plaintiff sought to amend his petition to allege estoppel which the Supreme Court held was not presented by the record on the former trial. He did not ask for a trial upon the issue of estoppel nor did he seek to present any witnesses on any issue to be raised by requested amended pleadings and sought to rely solely upon the record of the former trial. The court stated that if the plaintiff wished to amend his petition and date it back to the date of the hearing on the motion to spread the mandate of record, he would be given permission to do so, and would be given a reasonable time in which to amend the petition. Plaintiff refused to comply with the directions of the court in this respect. He insisted on the right to file a new and amended petition including

allegations of estoppel, and asked for ten days to file this amended petition. The court agreed to give him such reasonable time as was necessary, but stated that if it was the plaintiff's position that he was entitled to a continuance of the hearing for the purpose of filing the amended petition, the court would be forced to deny the request.

. In this respect we are of the opinion, and hold, that the trial court committed no error. We are cited to Secrest v. Secrest, 168 Okla. 576, 36 P. 2d 57, in which this court held that where a cause is reversed and remanded by the Supreme Court, with directions for further proceedings not inconsistent with the views expressed in the opinion of the Supreme Court, said cause then stands as to all of the parties the same as if no trial had been had; that under such circumstances pleadings may be amended and new issues formed not inconsistent with the issues passed upon by the Supreme Court. We are of the opinion, and hold, that the rule is not applicable in the case at bar. In Powell v. Sandefur, supra, this court held:

"The judgment of the trial court is clearly against the weight of the evidence. The trial court should have held plaintiff the owner of the interest of the heirs, subject to the further administration of the estate.

"Reversed, with directions to proceed in conformity to the views herein expressed."

In Secrest v. Secrest, supra, and all of the cases which we have examined in connection therewith, the rule was announced either in cases where after the mandate was spread of record the trial court allowed an amendment of the pleadings and a new trial; or, in cases where upon properly authorized amendments the parties appellant sought such amendment and a new trial and this court held that such proceeding was proper. In the case at bar the plaintiff sought to amend his petition to include, first, an allegation that the administrator and the creditors of the estate of R. J. Vanderslice, deceased, were estopped because they had known

for a long time that the records in the office of the county clerk had been mutilated; second, that neither the administrator nor any creditor had sought to amend and correct the records in the office of the county clerk. In Powell v. Sandefur, supra, the court in holding that the administrator was not bound by the mutilated records in the office of the county clerk held that, first, there was no estoppel pleaded; second, that there was no duty upon the administrator of the estate to examine or correct the records in the office of the county clerk and that Powell as administrator was entitled to all of the real property owned by R. J. Vanderslice, deceased, for the purpose of administration even though the plaintiff had relied upon the mutilated records in the office of the county clerk. Under such circumstances, the offer to amend the petition would present no other issue than had formerly been determined by the Supreme Court.

Finally, it is argued that the court erred in rendering judgment for the costs of the case-made in the sum of $235 and the costs of the trial for $70.73. This contention is without merit. See 12 O. S. 1941 §§ 929, 978.

The judgment of the trial court is affirmed.

CORN, C.J., GIBSON, V.C.J., and BAYLESS, HURST, and DAVISON, JJ., concur. OSBORN, J., not participating. RILEY, WELCH, and ARNOLD, JJ., absent.